SAVOY, Judge.
Defendant has appealed to this Court from a money judgment granted to plaintiff in the district court.
The record reveals that defendant was building a sewerage disposal plant for the Town of Lake Arthur, Louisiana. Adjoining the land upon which the plant was to be built was a tract of land owned by Edward D. Hebert. Defendant rented a portion *2 of the land owned by Hebert for the purpose of erecting an office for the duration of the construction on the sewerage plant. During the construction of the plant, the defendant placed rocks and debris on the Hebert property. Some of the rocks were buried below the ground and some were on the top thereof. After the rocks and debris had been placed on the Hebert property, plaintiff recorded in the Conveyance Records of Jefferson Davis Parish, Louisiana, a deed to the property wherein he had purchased same from Hebert, including the portion wherein the rocks and debris had been buried. Plaintiff made a demand on defendant to remove the debris from his property. Defendant contended that he was not required to remove the debris because the prior owner, Hebert, had agreed to his placing same thereon. As a result of the controversy between plaintiff and defendant, the Town of Lake Arthur withheld the final payment due defendant on the contract between defendant and the Town, the balance due thereon being approximately $20,000.00. Defendant wrote a letter to the engineers for the Town of Lake Arthur, Louisiana, stating that it would remove the debris from said property if the engineers would approve the work on the sewerage plant and have the Town of Lake Arthur pay to it the balance due on the contract. Upon receipt of said letter, the contractors approved the job, and the defendant received the remainder owing to it by the Town of Lake Arthur.
Plaintiff instituted the instant suit alleging various items of damages. To this suit defendant filed an exception of non-joinder and exceptions of no cause and no right of action. The exception of non-joinder was maintained by the trial court, and the exceptions of no cause and no right of action were overruled. Plaintiff then amended his petition, and defendant filed its answer thereto, denying the allegations contained therein. The case was tried in the district court, and judgment was entered in favor of plaintiff and against defendant in the sum of $2,000.00. This appeal followed.
In his finding of facts, the trial judge found that Hebert had not authorized defendant to bury or dump debris on his property. He also found that defendant had agreed with plaintiff to remove the waste material from his property.
This Court is of the opinion that the letter from defendant to Barnard & Burk, Inc., as agents and engineers for the Town of Lake Arthur, dated November 17, 1961, constituted a stipulation pour autrui for the benefit of the plaintiff.
LSA-C.C. Article 1890 provides:
“A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract cannot be revoked.”
Accordingly, when the Town of Lake Arthur paid to defendant the balance due on the contract in accordance with the terms set forth in the letter dated November 17, 1961, written by defendant and sent to the engineers for the Town of Lake Arthur, defendant then became bound to plaintiff for the removal of the debris from his property, or for damages sustained as a result of their non-removal.
As stated before, the trial court awarded plaintiff $2,000.00: $500.00 for the removal of the trash and debris on top of the ground; $1,000.00 for the removal of the trash and debris buried on the property; and, $500.00 for the loss of use of the property. After an examination of the record, this Court is of the opinion that this award is not excessive.
Counsel for defendant has re-urged the exception of no cause and the exception of no right of action in this Court. We are *3 of the opinion that the exceptions were properly overruled by the trial judge.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.