REGAN, Judge.
Plaintiff, Snelling and Snelling, Inc., an employment agency, filed this suit to recover $864.00, representing an unpaid fee it asserted was due for securing the employment of James J. Kastner, Sr., as a computer programmer. Named defendants [1] were Kastner and Delta Data Service, Inc., and Financial Technology, Inc., the latter two as successors of the initial hiring corporation. Plaintiff averred that both employee and employer obligated themselves to pay a 9% commission on Kastner’s annual gross salary of $9600 if he retained his position for more than three calendar months, and it is alleged that he was employed continuously for more than three months.
Alternatively, plaintiff sought to recover 10% of Kastner’s gross earnings during the period he was employed should the court conclude that his position continued for less than three months. The alternative demand is based on a provision of the contract between Kastner and plaintiff regulating commissions for procuring temporary employment.
Defendant Kastner’s answer simply consisted of a general denial. , The corporate defendants answered and denied that the employer had obligated itself to pay the fee and in addition thereto, they pleaded a failure of consideration in that the agency furnished an incompetent employee, thus the fee was not earned.
From a judgment awarding plaintiff $248 as commission for temporary placement against the individual defendant, Kastner, and dismissing its suit against the corporate defendants, the plaintiff has appealed.
The issues posed for our consideration on appeal are these: (1) Was plaintiff entitled to a commission predicated on employment exceeding three months or does the record support the trial court’s factual determination that Kastner worked less than three months ?; and (2) Should the successor corporations of the hiring corporation have been held solidarily liable with Kast-ner?
Relative to the first question, we note that the record discloses conflicting evidence as to the duration of Kastner’s employment. Plaintiff contends he was hired on October 13, 1969 and discharged on January 15, 1970. These dates, it is urged, are established by the fact that Kastner, who was employed at the rate of $800 per month, was paid wages totaling $2480, which exceeds three months’ salary. Defendants, however, requested the appearance of James Womble, its former personnel manager as a witness, and he fixes the date of termination of employment as of January 9, 1970. Although Kastner was paid through January 15th, this represented either several additional days pay for vacation or severance pay. Womble at the time of the trial was no longer employed by the defendant corporation.
*448 Two exhibits were introduced by defendant employer in support of Womble’s assertion that the date of termination was January 9, 1970. One was a list of its employees compiled January 12, 1970 on which Kastner’s name does not appear. The second was an extract from defendant’s bookkeeping records reflecting Kast-ner’s payroll check was made prior to those of all other employees for the pay period ending January 15th. From this exhibit it is apparent the payroll list is compiled in alphabetical order and checks issued in numerical sequence, the lowest numbered check being issued to the first person to appear on the list, which at this time was one Mary Ahrens. Her check was numbered 1290. Kastner was issued check 1289. Had his check been drafted at the same time as those of other employees it would have been numbered in the last part of the 1290s or the first part of the 1300s because the letter K appears in approximately the center of the alphabet.
Thus, while the respective litigants introduced contradictory evidence to establish their own contention as to the duration of employment, we find the record amply supports the lower court’s conclusion that Kastner actually worked for Delta less than three consecutive calendar months before he was fired. Predicated upon this finding, the lower court properly fixed the amount of the commission due at $248.00, i. e., ten per cent of Kastner’s gross wages.
We next consider the question of whether the successors of Delta Data are jointly liable. Plaintiff contends, with respect to Delta, that the liability emanates from an agreement between Kastner and Delta by virtue of which plaintiff is the beneficiary of a stipulation pour autrui. This contention is based on the following letter, dated September 30, 1969, written by Delta Data to Kastner:
“I am happy to confirm your acceptance of our offer to have you join our Systems and Programming staff as a Senior Programmer, at a starting salary of $9,600.00 per year.
“Delta Data Service, Inc. will pay the placement fee with the understanding that you will repay the placement fee if you leave our employ within eighteen months.
“We look forward to having you join us on October 16, 1969, or earlier if convenient to you.”
Plaintiff insists that this letter contains a stipulation in its favor as a third party beneficiary as a result of the rationale emanating from LSA-C.C. art. 1890, which rqads:
“A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked.”
In applying the rationale of the above article to the contract in question, we conclude Delta’s promise to pay to plaintiff was given as partial consideration for Kastner’s consent to accept employment and to remain in Delta’s employ. As we interpret it the promise to pay is not conditional quo ad the third party beneficiary. The condition imposed on the promisee is that if he quits before 18 months as defendant’s employee, then he (Kastner) is obligated to repay his employer the amount it expended on his placement commission. Applying this article to the letter relied upon by the plaintiff, we are convinced it evidences a bilateral contract between Delta and Kastner, whereunder consideration flowed to both parties. Kastner’s consideration *449 is composed of two elements, i. e., the promise to pay wages of $9600 per annum and the assumption of his indebtedness to the plaintiff.[2] Conversely, the employer obtained a computer programmer and in order to induce him to remain in its employ for an extended period, Delta agreed to pay what presumably would have been a commission of $864. The agreement is conditional only insofar as it relates to Kastner, the condition being that he must reimburse his employer for the commission it agreed to pay the employment agency if he quits before working 18 months. However, with respect to plaintiff as a third party beneficiary, the promise to pay is unconditional.
Defendant employer argues, in essence, that the letter does not contain a stipulation pour autrui since (1) the promise was not made directly to the plaintiff and (2) there is no showing of injurious reliance thereon. In connection with the first contention, defendant has referred us to two cases involving contracts containing what our courts have upheld as stipulations pour autrui [3] in which the promisor addressed letters to the third party beneficiary; however, they are not persuasive because article 1890 does not require the promise be made directly to the third party in writing. As to the second contention, counsel argues that the plaintiff could not have relied to its detriment on a contract executed four months prior to Kastner’s employment.
This argument is without merit. If Delta’s liability stems from any contract, it is the contract of employment between Kastner and Delta, not the agreement binding Kastner to pay a commission if plaintiff succeeded in finding him a job. Further, the third party beneficiary need not prove injurious reliance on the advantage stipulated in his favor as a condition precedent to recovery. The third party need only accept the advantage stipulated in his favor to have an actionable right under the contract.
Medical payment provisions in insurance policies are stipulations pour autrui, which illustrate that a third party beneficiary obviously could not receive a direct promise of payment when the contract is made nor could he show injurious reliance prior to the time the claim actually came into being. When the insured obtains this coverage, the identity of the guest passenger who might subsequently avail himself of the benefits of the medical payment provision is unknown.
In this case, it is apparent that the plaintiff accepted the advantage stipulated in its favor when it made demand for payment from the defendant employér. The acceptance came long before Kastner was fired, thus, under article 1890, the right vested and could not be revoked.
*450 For the reasons assigned, the judgment appealed from is amended to award plaintiff $248 against defendants, James Kastner, Delta Data Service, Inc., and Interstate Computing, Inc., in solido, and in all other respects the judgment appealed from is affirmed. Defendants are to pay all costs incurred herein.
Amended and affirmed.

. The original hiring corporation Delta Data Service, Inc. (domiciled in Louisiana) was liquidated, and it, together with its liquidator William Hartson, were dismissed as parties defendant from this suit by consent of all counsel.

. In an article entitled “Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui,” by J. Denson Smith, 11 T.L.R. 18, at p. 58 it is stated:
“In fine, in undertaking to determine whether an advantage for a third party has been provided by a contract between others, the following factors are important: (1) the existence of a legal relationship between the promisee and the third person involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge; (2) the existence of a factual relationship between the promisee and the third person, where, (a) there is a possibility of future liability either personal or real on the part of the promisee to the beneficiary against which performance of the promisee will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (e) there are ties of kinship or other circumstances indicating that a benefit by way of gratuity was intended.”

. Ordoneaux v. Koller Construction Company, La.App., 166 So.2d 1, 1964; Jim Walter Corporation v. Laperouse, 196 So.2d 359.