CULPEPPER, Judge.
The plaintiff, Mrs. Linda Kay Young, was a passenger on the front seat of an automobile being driven by her husband, Mr. Tommy Young. Some portion of the underside of the vehicle struck a raised sewer manhole on a street in the City of Alexandria. Mrs. Young was thrown forward, striking the rear view mirror and injuring her face and teeth. Named as defendants are: (1) The City of Alexandria and its insurer; (2) The Department of Highways of the State of Louisiana which was placing an asphalt overlay on the street; and (3) J. B. Talley & Company, Inc., the contractor doing the overlay work, and its insurer. The district judge found plaintiff failed to sustain her burden of proving negligence on the part of any defendant. Plaintiff appealed.
The general facts are that Fourth Street in the City of Alexandria is a part of the State highway system. The Department of Highways agreed with the City to place an asphalt overlay, 3i/£ inches thick, on the street. The State contracted with J. B. Talley & Company to do the work. As the work progressed, it was discovered that no provisions had been made in the contract for raising the sewer manholes to the level of the new asphalt overlay. The State prepared a change order for J. B. Talley but rejected his price as too high. The City then agreed to raise the manholes at its expense. It contracted with a foundry to fabricate steel rings, 3i/£ inches wide, and weld them to the top of the existing manholes.
The evidence shows that these new rings were installed 3i/¿ inches above street level, after which an asphalt apron was placed around each manhole, sloped from the top of the ring out for a distance of three or four feet to street level.
The accident occurred approximately 20 days after the manholes were raised and the asphalt aprons placed, but before the asphalt overlay was constructed. Mr. Young testified that he was driving in a westerly direction on DeSoto Street at a speed of 20 to 25 miles per hour. As he crossed the intersection of Fourth Street, the underside of his 1968 Chevrolet Chev-elle automobile violently struck something. He got out and saw that he had struck the manhole cover in the center of the intersection. A police officer who was summoned to the scene took a picture immediately after the accident showing that the new ring had been violently struck, the welds broken, and the ring pushed to one side about two inches. One side of the manhole cover was tilted up and the asphalt apron was knocked loose or crumbled immediately around the outside of the ring.
It is plaintiff’s contention that a few days before the accident the manhole was reworked and was left in this tilted position with one side five inches or more above street level and with the original asphalt apron broken. Plaintiff introduced the testimony of witnesses who worked in offices nearby who said that this work was done within the last few days before the accident and that the manhole cover was five or six inches above street level and was hazardous. Mr. Young says he measured the clearance of his automobile and found it to be four inches.
*288 The City of Alexandria concedes that there was no barricade at the manhole and that something underneath Mr. Young’s car struck it. However, the City takes the position that up until the time of the accident the manhole cover was level and was no more than 3i/£ inches above street level, with an asphalt apron around it. Witnesses for the City, including a policeman who patroled Fourth Street during the construction, the Commissioner of Streets & Parks who passed this way every day and particularly noticed for hazards, the Commissioner of Public Utilities who also passed this way daily, and the State Highway project engineer who inspected the area, testified that prior to the accident the manhole was not tilted and did not present a hazard. The City also introduced evidence to show that although this is a heavily traveled intersection, no complaints had been made about the manhole cover and no reports of any other accidents had been made during the 20-day period from the time the manhole was raised until the date of the accident.
In a written opinion the district judge carefully analyzes the evidence and finds plaintiff failed to prove that prior to the accident the manhole was more than 3y2 inches above the level of the street or that it was not adequately protected by an asphalt apron. The judge states that the accident must have been caused by “some low dragging portion of the automobile which was in that condition unknown to Mr. Young.” We find no manifest error in these factual conclusions of the trial judge who saw and heard the witnesses.
There is no dispute as to the applicable law. A municipality is not an insurer of the safety of those who use its streets. The duty of the city is to keep its streets reasonably safe for travelers using the streets for the purposes for which they were constructed and exercising due care for their own safety, LeJeune v. State Farm Mutual Automobile Insurance Company, 107 So.2d 509 (La.App. 1st Cir. 1958); Carlisle v. Parish of East Baton Rouge, La.App., 114 So.2d 62; and Travelers Insurance Company v. Ragan, La.App., 202 So.2d 302. Under the facts found by the district judge, the city met this duty.
Plaintiff makes an additional argument that the trial judge erred in refusing to reopen the evidence for the testimony of a “newly discovered” witness. This witness also has a nearby office and would have testified substantially the same as the others. We find no abuse of the trial judge’s discretion in refusing to reopen the case for this merely cumulative testimony.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.