TONYA L. BOUDREAUX

VERSUS

STATE OF LOUISIANA, DOTD, AND
DIAMOND B. CONSTRUCTION, LLC

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 82935
HONORABLE ED BROUSSARD,  PRESIDING
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, James David Painter, and David E. Chatelain[1]
Judges.

 AFFIRMED.  Chatelain, J., concurs in the result and assigns written reasons.

Rudie R. Soileau, Jr.
Lundy, Lundy, Soileau & South
501 Broad Street
Lake Charles, LA 70601
Richard Putnam
118 South State Street
Abbeville, LA 70510
Attorneys For Plaintiff/Appellant:
        Tonya L. Boudreaux

Charles J. Foret
Jason R. Garrot
Briney & Foret
P.O. Drawer 51367
Lafayette, LA 70505-1367
(337) 237-4070
Attorneys For Defendant/Appellee,
        State of Louisiana, DOTD

---

[1]Honorable David E. Chatelain participated in this decision by appointment of the
Louisiana Supreme Court as Judge Pro Tempore.

**Carl W. Robicheaux**
**Stephens & Robicheaux**
**2014 W. Pinhook Road, Suite 603**
**Lafayette, LA 70508**
**(337) 235-7888**
**Attorney For Defendant/Appellee,**
     **Diamond B. Construction Co.**

**COOKS, J.**

## FACTS AND PROCEDURAL HISTORY

Tonya L. Boudreaux (Plaintiff) was involved in a two-car accident on February 17, 2004, in Vermilion Parish, Louisiana south of Abbeville on State Highway 82. Prior to the accident, this stretch of roadway had been cold planed by Diamond B. Construction Company (Diamond B.) in preparation for re-surfacing. Plaintiff's vehicle was stopped in the roadway waiting to make a left-hand turn. Thomas E. Sanders' (Sanders) vehicle was approaching Plaintiff's vehicle from behind. Sanders failed to stop and collided with Plaintiff's vehicle. The State Trooper who investigated the scene of the accident did not note any hazardous condition of the roadway and testified that neither weather condition nor road condition were a factor in causing the accident. According to the State Trooper, Sanders' inattention and failure to maintain control of his vehicle caused the accident.

Plaintiff did not file suit against Sanders, and he did not testify at trial. Plaintiff originally sued R.E. Heidt Construction Co., Inc. (Heidt), Diamond B., State of Louisiana, Department of Transportation and Development (DOTD), Vermilion Parish, and the City of Abbeville. Plaintiff dismissed her suit against the City of Abbeville, Vermilion Parish, and Heidt. Plaintiff proceeded to trial against DOTD and Diamond B. alleging the state and its contractor, Diamond B., failed to maintain the section of Highway 82 where the accident occurred and failed to post warning signs in a road construction zone, which Plaintiff alleged were contributing causes of the accident. DOTD and Diamond B. filed pre-trial motions which included a motion in limine seeking to exclude any reference to Section 509.03 of the "Louisiana Standard Specifications For Roads and Bridges" known as the "Red Book." This

1

section sets forth a maximum time frame for which a state roadway should be left in a cold planed condition prior to re-surfacing. Cold planing refers to the scraping away of layers of asphalt to prepare a roadway for re-surfacing

The then presiding judge, Honorable Byron Hebert, now retired, granted DOTD and Diamond B.'s motion in limine excluding any reference to Section 509.03 of the Red Book. On writ of review this court reversed the trial court's ruling, but the Louisiana Supreme Court granted DOTD's writ application and reinstated the trial court judgment finding the trial court did not abuse its discretion in granting the motion. Section 509.03 of the Red Book states "the cold planing operations shall not precede the subsequent paving operation by more than 15 calendar days." It is undisputed that the section of Highway 82 where this accident occurred remained in a cold planed condition for approximately 133 days prior to the date of this collision.

Plaintiff made new attempts during trial to enter the Red Book guideline into evidence but the trial court refused believing it was bound by the previous judge's ruling on the motion in limine and the Louisiana Supreme Court's ruling on the matter. The jury returned an eleven-to-one verdict finding DOTD and Diamond B. were not at fault. Plaintiff filed a motion for new trial arguing the trial court improperly excluded evidence of Section 509.03 of the Louisiana Standard Specifications for Roads and Bridges. The trial court denied the motion for new trial. In its reasons for judgment, the trial court stated it thought it was mistaken in not allowing Plaintiff to introduce the Red Book into evidence and to mention Section 509.03 to the jury. However, the trial court found that such evidence would not have altered the verdict, and it was, therefore, harmless error to prohibit the book's introduction. Plaintiff appeals the judgment asserting two assignments of error: (1) the trial court erred in excluding evidence of Section 509.03 of the Red Book and (2)

2

the trial court erred in denying Plaintiff's motion for new trial. Plaintiff did not set forth an assignment of error alleging the jury manifestly erred in its factual findings. Plaintiff did not brief its assignment of error regarding denial of its motion for new trial and cites no authority for its assertion that the motion for new trial was improperly denied.

## LEGAL ANALYSIS

Plaintiff asserts the trial court erred in refusing to allow her to present the provisions of Section 509.03 of the Louisiana Standard Specifications For Roads and Bridges to the jury as evidence of DOTD's negligence. The version of this publication relevant to this action is commonly referred to as the "Red Book." Plaintiff maintains that the construction guidelines contained in the Red Book, which require that the maximum period in which a roadway may be left in a cold planed condition is fifteen days, were not complied with on the roadway in question and that this non-compliance is ipso facto evidence of DOTD and its contractor's contributing negligence in this case. Although Plaintiff acknowledges that the doctrine of negligence per se is no longer Louisiana law, she asserts the concept provides guidance and, in this case, helps to establish defendants' negligence.

The failure of DOTD and its contractor, Diamond B., to comply with the Red Book guideline does not equate to negligence. This court has long ago held that the failure of DOTD to comply with requirements in its manuals "is not negligence per se." *Harkins v. State Through Dept. Of Highways*, 247 So.2d 644,648 (La.App. 3 Cir.), *writ denied* 259 La. 741, 252 So.2d 449 (La. 1971). In *Manasco v. Poplus*, 530 So.2d 548, 549 (La. 1988) the Louisiana Supreme Court set forth DOTD's duty to travelers on the state's highways as follows:

> Plaintiff contends DOTD's negligence in failing to properly maintain the roadway caused the accident and therefore DOTD is liable under

3

La.Civ.Code art. 2315. He also contends DOTD is strictly liable for his injuries under LA.Civ.Code art. 2317. Under both articles, liability hinges on whether the defendant has breached his duty to the plaintiff. While the basis for determining the existence of the duty is different in art. 2317 strict liability cases and in ordinary negligence cases, the duty that arises is the same. *Kent v. Gulf States Utilities Co.*, 418 So.2d 493 (La. 1982). DOTD's duty to travelers is to keep the state's highways and their shoulders in a reasonably safe condition. *LeBlanc v. State*, 419 So.2d 853 (La. 1982); *Sinitiere v. Lavergne*, 391 So.2d 821 (La. 1980). Whether DOTD breached this duty, that is, whether the roadway and shoulders at the scene of the accident were in an unreasonably dangerous condition, will depend upon the particular facts and circumstances of each case. *Myers v. State Farm Mut. Auto Ins. Co.*, 493 So.2d 1170 (La.1986).

A review of the record demonstrates the particular facts and circumstances of this case were thoroughly presented to the jury. Plaintiff does not contend otherwise. The jury was not presented with the Red Book requirement that contractors shall not cold plane a roadway more than fifteen days before re-surfacing.

In *Myers v. State Farm Mutual Automobile Insurance Co.*, 493 So.2d 1170, 1173 (La.1986), the Louisiana Supreme Court held that "the failure of DOTD to reconstruct the state's highways to meet modern standards does not establish the existence of a hazardous defect." Likewise, this court in *Hatcher v. State Through DOTD*, 467 So.2d 584, 587 (La.App. 3 Cir. 1985) held:

> [N]oncompliance with the manual (Manual of Uniform Control Devices) is not negligence per se, *Harkins v. State, Dept. Of Highways*, 247 So.2d 644, 648 (La.App. 3d Cir.), *writ denied*, 259 So.2d 449 (1971), rather, the injured motorist, in order to recover from the road authority, must prove that the authority acted unreasonably under the circumstances. See *McCoy v. Franklin Parish Police Jury*, 414 So.2d 1369, 1372 (La.App. 2d Cir.1982); *Hodges v. State, Through Dept. Of Highways*, 370 So.2d 1274, 1278 (La.App. 3d Cir.), *writs denied*, 374 So.2d 660, 661 (La. 1979); *Bernhard v. Campbell*, 303 So.2d 884, 887 (La.App. 1st Cir. 1974).

In *Hunter v. DOTD of La.*, 620 So.2d 1149 (La. 1993) the Louisiana Supreme Court discussed the decision in *Myers* holding that the mere failure of DOTD to follow modern construction standards when reconstructing state highways does not

4

in itself establish existence of a hazardous defect. The court stated in *Hunter*, 620 So.2d at 1153:

> DOTD should not be inflexibly held to such standards, since in many cases *it may be physically or financially impossible to meet them, and the guiding inquiry should always be whether the road in question presented an unreasonable risk of harm. See Dill v. State, Department of Transportation and Development*, 545 So.2d 994 (La.1989). (emphasis added)

As we set forth in *Ditch v. State ex rel. Dept. Transp. And Dev.* 09-379, pp. 3-4 (La.App. 3 Cir. 11/24/99), 745 So.2d 1279, 1283, *writ denied*, 00-695 (La. 5/5/00), 761 So.2d 544 (emphasis added):

> In determining whether liability exists under a duty-risk analysis, a plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, that defendant owed a duty to plaintiff which defendant breached and that the risk of harm was within the scope of protection afforded by the duty breached. *Mundy v. Dept. of Health and Human Resources,* 620 So.2d 811 (La. 1993). The duty of the state through DOTD is to keep the highways and its shoulders in a reasonably safe condition. *Myers v. State Farm Mut. Auto Ins.* Co., 493 So.2d 1170, 1172 (La. 1986). This duty encompasses the obligation to protect a motorist who inadvertently drives onto the shoulder of the highway. *Rue v. State, Dept. Of Highways,* 372 So.2d 1197, 1199 (La. 1979). Whether DOTD breached its duty, that is, whether the roadway at the scene of the accident was in an unreasonably dangerous condition, will depend on the facts and circumstances of each case. *Hunter v. Dept. of Transp. and Dev.*, 620 So.2d 1149 (La. 1993). *Id.* at 901-02.

> The State argues that the DOTD's failure to reconstruct the State's highways to meet modern standards does not, in itself, establish the existence of hazardous defect. *See Myers v. State Farm Mut. Auto. Ins. Co.*, 493 So.2d 1170, (La. 1986). However, as noted in *Dill v. State, Department of Transportation and Development,* 545 So.2d 994 (La. 1984), *Myers* does not stand for the proposition that the State can escape liability simply by showing that a highway met the existing standards when it was built. Rather, *the decision turns on determining whether the condition of the highway constituted an unreasonable risk of injury which caused the accident.* 'Design standards both at the time of the original construction and at the time of the accident may be relevant factors for consideration in deciding this issue, but are not determinative of the issue.' *See Dill, supra*, at 996.

In *Deville v. La. DOTD*, 97-1422 to 97-1427, pp. 4-5 (La.App. 3 Cir. 9/23/1998), 719 So.2d 584, 586-87, *writ denied*, 98-2684 (La.12/18/98), 732 So.2d

1239, we set forth the four factors the plaintiff must show in a tort action against the state:

> (1) the property which caused the damage was in the custody of the DOTD; (2) the property was defective because it had a condition that created an unreasonable risk of harm; (3) DOTD had actual or constructive notice of the risk; and (4) the defect in the property was a cause in fact of the plaintiffs' injuries.{ } Plaintiffs have the burden of proving all of the above factors, and thus the failure of any is fatal to the plaintiff's case.

Defendants presented testimony in this case that DOTD acted reasonably in the circumstances and that the delay in re-surfacing the roadway was not unreasonable. It was for the jury to determine the facts from the evidence and testimony presented. The jury was presented evidence of the cold planed condition of the roadway at the time of the accident. The jury also heard testimony as to the lengthy period of time the road was left in an unfinished condition. Experts testified as to the theoretical effects of leaving the road cold planed for this extended period of time and as to the actual condition of the roadway at the time of the accident. Additionally, the jury heard testimony from the State Trooper who responded to the accident. He testified that he saw no evidence to suggest the condition of the roadway was a contributing factor in the accident. He placed the entire cause of the accident on Sanders. Sanders did not testify at trial. Plaintiff refers to Sanders' testimony in his deposition, but his deposition was not entered as evidence at trial and is not part of the record. Plaintiff does not assert that the jury committed manifest error in concluding the accident was caused solely by Sanders' negligence. Instead, Plaintiff maintains that had the jury been told the Red Book standard for leaving a highway in a cold planed condition provides for a period of no more than fifteen days the jury would have reached a different decision regarding DOTD and its contractor's negligence. Judge Hebert and Judge Broussard understood that Plaintiff wanted to introduce the Red Book

6

requirement and DOTD's failure to abide by that requirement, in order to have the jury conclude that this breach of the standard required in DOTD's manual constituted negligence per se, making DOTD and its contractor liable for some degree of fault in causing the accident. The Red Book requirement could have mislead the jury and caused them to wrongfully conclude the law automatically required assignment of fault against the defendants.

An appellate court cannot set aside the findings of fact of the trial court in the absence of manifest error or unless the jury was clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La. 1993). Plaintiff does not offer any assignment of error alleging the jury was manifestly erroneous or clearly wrong in concluding that Sanders was solely at fault in causing the accident. The trial judge was correct in concluding that even if he would have allowed the Plaintiff to present Section 509.03 of the Red Book, it would not have affected the outcome. This is especially so in light of the detailed evidence presented to the jury which included the condition of the roadway; the length of time it remained in a cold planed, unfinished condition; the actions of the offending driver; the conditions at the time of the accident; and competing expert opinions regarding the condition of the roadway relevant to the cause(s) of the accident. There is no showing that the trial court abused its discretion in excluding the evidence of Section 509.03 of the Louisiana Standard Specifications For Roads and Bridges.

Plaintiff failed to brief any argument or cite any authority in support of her position that the trial court erred in denying her motion for new trial. Assignments of error not briefed and for which no authority is cited are considered abandoned. *Smith v. Morris & Dickson*, 05-1120 (La.App. 3 Cir. 3/1/06), 924 So.2d 1217, *writ not considered by* 06-0841 (La. 6/2/06), 929 So.2d 1240, *reconsideration denied by*

06-0841,(La. 3/9/07), 949 So.2d 431; and Uniform Rules-Courts of Appeal, Rule 2-12.4. Plaintiff based its motion for new trial solely on the argument that Section 509.03 of the Red Book should have been admitted in evidence. Because we find it was not error to exclude evidence of the provisions of Section 509.03 of the Louisiana Standard Specifications For Roads and Bridges, this issue is moot.

The judgment of the trial court is affirmed, and all costs of this appeal are assessed against Plaintiff.

**AFFIRMED**.

TONYA L. BOUDREAUX

VERSUS

STATE OF LOUISIANA, DOTD, AND
DIAMOND B. CONSTRUCTION, LLC

**CHATELAIN, J.,** concurs in the result.

I concur in the result of this case and offer additional reasons in support of this court's affirmation of the trial court judgment.

This case essentially presents us with an evidentiary question of whether the trial court properly excluded Section 509.03 of the Louisiana Standard Specifications for Roads and Bridges from evidence and whether such ruling, if determined to be erroneous, requires reversal of the jury's rejection of the plaintiff's claim.

In reaching a decision on this alleged evidentiary error, this court must consider whether the challenged ruling was erroneous and whether the error "prejudice[d] the defendants' cause, for unless it d[id], reversal is not warranted." *Wallace v. Upjohn Co.*, 535 So.2d 1110, 1118 (La.App. 1 Cir. 1988), *writ denied*, 539 So.2d 630 (La.1989); La.Code Evid. art. 103. "Moreover, the party alleging error has the burden of showing the error was prejudicial" and had "a substantial effect on the outcome of the case." *Brumfield v. Guilmino*, 93-366, p. 12 (La.App. 1 Cir. 3/11/94), 633 So.2d 903, 911, *writ denied*, 94-806 (La. 5/6/94), 637 So.2d 1056. Ultimately, "the determination is whether the error, when compared to the record in its totality, has a substantial effect on the outcome of the case." *Wallace*, 535 So.2d at 1118. "Absent

1

a prejudicial error of law, this Court is not required to review the appellate record de novo." *Brumfield*, 633 So.2d at 911 (citing *Rosell v. ESCO*, 549 So.2d 840 (La.1989)).

Even though the jury returned a general verdict, such that it did not specifically find an absence of causation, the record convinces me that the issue of causation was at the forefront of this litigation. Causation is a question of fact; therefore, this factual determination is subject to the manifest error standard of review. *Green v. K-Mart Corp.*, 03-2495 (La. 5/25/04), 874 So.2d 838; *Mart v. Hill*, 505 So.2d 1120 (La.1987). Under the manifest error standard, in order to reverse a trial court's determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis for the finding does not exist, and (2) further determine that the record shows that the fact finder is clearly wrong or manifestly erroneous. *Stobart v. State, through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993).

From the outset, I find it important to note that the excluded evidence was only relevant with regard to the duty owed, and its exclusion could not have affected the issue of causation. Therefore, our resolution of this evidentiary issue, i.e., questioning whether the exclusion of this evidence affected the outcome of this litigation, requires an examination of the issue of causation.

In my view, the record shows no evidence that would establish any road defect caused the plaintiff's accident. Thomas E. Sanders, the driver of the truck that struck the plaintiff's vehicle, did not testify at trial and no evidence was presented to the jury from him about how this accident unfolded. Although the plaintiff argues that the pictures and other physical evidence show Sanders' truck spun out of control, the

2

record contains no evidence showing that the spin resulted from the cold-planed condition of the roadway. The jury heard no testimony from Sanders to the effect that a road defect distracted him, caused him to lose control of his vehicle, or impaired his ability to brake his vehicle when he realized the plaintiff was stopped to execute a left-hand turn. In stark contrast, the jury heard the testimony of the investigating officer who ascribed the cause of this accident to Sanders, not the condition of the roadway.

Even though the plaintiff presented expert testimony that a particular road bump, located approximately eight hundred feet from the point of impact, may have distracted Sanders, the expert could not testify as to what exactly happened. Thus, the expert's testimony about driver distraction and the effect of the cold-planed road amounts to nothing more than speculation. It is axiomatic that speculation, guessing, or a mere possibility is insufficient to sustain a finding of fact. Therefore, after considering the record as a whole, I find that no reasonable fact finder could have concluded that the cold-planed condition of the road was a cause in fact of the collision.

Even if the trial court's evidentiary ruling in the present case was erroneous, an issue the majority rejects and one with which I concur, I nonetheless would affirm the jury's resolution of this case. For reasons outlined above, I find that when compared to the record in its totality, such an error would not substantially affect the outcome of this case.