278 So.2d 30 (1973)
Ronald Patrick SULLIVAN, Plaintiff-Appellant-Relator,
v.
HARDWARE MUTUAL CASUALTY CO. et al., Defendant-Appellee-Respondent.
No. 52422.
Supreme Court of Louisiana.
May 7, 1973.
Himel, Whipple & Doyle, Keith M. Whipple, Alexander L. Doyle, Houma, for plaintiff-applicant.
Voorhies, Labbe, Fontenot, Leonard & McGlasson, Richard D. Chappuis, Jr., Lafayette, for defendants-respondents.
CALOGERO, Justice.
Plaintiff, Ronald Patrick Sullivan, instituted this personal injury damage suit in the Parish of St. Martin against Hardware Mutual Casualty Company and their automobile liability assured, Mrs. Ada Duhon Landry. He alleged that his injuries were caused by the negligent operation of an insured Chevrolet automobile driven with permission by Mrs. Landry's minor son, Earl J. Landry.
The accident took place in Nacogdoches, Texas on August 3, 1970, when, with plaintiff *31 as a passenger, Earl J. Landry fell asleep while driving, crossed the highway centerline and struck an oncoming vehicle.
Damages were stipulated and trial was had on liability alone. The trial court found the assured negligent, but not grossly negligent.
The Court thereupon applied Texas law following the then prevailing jurisprudence to the effect that the substantive law of the place of the tort is the proper law and dismissed plaintiff's petition.[1] See Johnson v. St. Paul Mercury Insurance Company, 256 La. 289, 236 So.2d 216 (1970) and its doctrine of lex loci delicti.
On appeal the Third Circuit Court of Appeal affirmed. We granted certiorari.
This Court on March 26, 1973 handed down its opinion in Jagers v. Royal Indemnity Co., La., 276 So.2d 309 (Decided March 26, 1973) expressly overruling Johnson v. St. Paul Mercury Insurance Company, supra.
In Jagers we abandoned the rigid rule of lex loci delicti holding that the facts there presented a false conflict of laws question, that only the State of Louisiana had an interest in the application of its law, and that the State of Mississippi had no such interest. The compelling facts in Jagers were a plaintiff domiciled in Louisiana, a defendant insured domiciled in Louisiana, a lawsuit instituted in Louisiana, the insured motor vehicle registered in Louisiana, an automobile insurance policy issued by a Louisiana agency to a Louisiana domiciliary and mailed to the assured's Louisiana address. The occurrence of the collision alone accidentally happened in Mississippi. There were no significant Mississippi related factors other than the place of the accident, and the fact that plaintiff and her son-driver were temporarily residing in Mississippi.
The case at issue was tried before Jagers with the rule of Johnson, supra, then prevailing. As a consequence the record was not adequately developed so as to permit accurate review in light of the principles set down in Jagers.
Plaintiff Sullivan did not prove the State in which the vehicle involved was registered. He did not allege nor prove his domicile at the time of the accident, August 3, 1970, although he alleged in his petition filed three and one-half weeks after the accident, that he was a resident of Terrebonne Parish, and testified at trial, June 21, 1971, that he was then living in Livingston, Louisiana, which is in Livingston Parish. He instituted suit in Louisiana against a foreign insurer, Liberty Mutual (authorized and doing business in Louisiana), which had issued a policy in Louisiana, through a Louisiana agent, Sentry Insurance Company of New Orleans, to a Louisiana domiciliary; and against a named insured (Mrs. Ada Duhon Landry) who it was adequately shown, was residing in Louisiana at the time of issuance of the policy, March 4, 1970, and on December 7, 1970 when interrogatory answers were filed. There was no showing, although it is likely so, that Mrs. Landry was continuously residing and domiciled in Louisiana, including the date August 3, 1970, when the accident occurred, and June 21, 1971, the date of trial.
The negligent vehicle operator, Earl J. Landry, was a minor at the time of the accident. His mother, defendant Mrs. Ada Duhon Landry, had been awarded his custody; his domicile thus would have been that of his mother. See RCC of 1870 Art. 39. However, Mrs. Landry's domicile on August 3, 1970 was not conclusively shown.
Furthermore, the facts surrounding the presence of plaintiff Sullivan and the driver Landry in Texas were not sufficiently *32 explored to the extent necessary to prove their domicile at the time of the accident. The two were residing together in a Nacogdoches, Texas rooming house, employed there in Texas on a work over rig ("roughnecking" according to Landry). The particular journey on the date of the accident began in Texas just 2 hours before the collision when Sullivan and Landry got off work, and would have terminated in Texas just 4 miles beyond the point of the accident, at their rooming house residence. Under these circumstances we cannot accept as conclusive of Landry's domicile, at the time of the accident, his testimony at trial that he had "lived in Breaux Bridge" all of his life.
We do not imply here that the only relevant inquiry regarding the domicile of the parties is that directed to their domicile at the time of the accident. We leave for future consideration in this case and others the determination of which State's law is to apply in the event it is established that one or both of the parties were domiciled in a foreign State at the time of the tort and subsequently either or both were to have changed their domicile to this State prior to instituting the action.
Because this case was tried before the opinion in Jagers was rendered, and because we consider the record incomplete on the significant facts which should govern our decision as to which State's laws should apply, that of Louisiana or that of Texas, we deem it necessary to remand the case to the District Court for further evidence on the issue of the relative interests of Louisiana and Texas in this litigation.[2]
For the foregoing reasons, the judgment of the Third Circuit Court of Appeal is reversed and the case is remanded to the District Court for further proceedings consistent with the views herein expressed.
Reversed and remanded.
SUMMERS, J., dissents and assigns reasons.
DIXON, J., dissents from the reversal with reasons.
DIXON, Justice (dissenting).
I respectfully dissent from the remand in this case. The record before us is sufficiently complete to render a final judgment.
This is a suit by a Louisiana guest passenger against a Louisiana owner and a Louisiana insurer of an automobile driven by a Louisiana minor who went to sleep at the wheel in Texas. (The guest passenger and the minor driver were temporarily employed in Texas at the time of the accident; the owner of the automobile was at all times a Louisiana resident and domiciliary, and the liability insurance policy was issued in Louisiana).
Damages were stipulated. The trial court reached the merits and decided the driver was negligent, but not grossly negligent.
The trial court opinion was adopted by the Court of Appeal in holding that the Texas guest passenger statute applied and prevented recovery.
The record establishes that Texas has no interest in enforcing its guest passenger law in a Louisiana suit between Louisiana parties. Jagers v. Royal Indemnity Company et al., La., 276 So.2d 309, decided March 26, 1973. See, also Webb v. Zurich Insurance Company et al., 251 La. 558, 205 So.2d 398.
SUMMERS, Justice (dissenting).
Insofar as the majority opinion approves Jagers v. Royal Indemnity Co., La., 276 So.2d 309 (decided March 26, 1973), I dissent.
*33 I adhere to the reasons assigned in Johnson v. St. Paul Mercury Insurance Company, 256 La. 289, 236 So.2d 216 (1970), and my dissent in Jagers v. Royal Indemnity Company, et al., supra.
I respectfully dissent.
NOTES
[1] The Texas Guest Passenger law requires what is tantamount to gross negligence to permit recovery by a guest passenger, i. e. intentional fault or heedless or reckless disregard of others. Proof of simple negligence is not sufficient to permit the guest passenger to recover. Vernon's Ann.Civ.St. of Texas, Art. 6701b, Sec. 1.
[2] Our purpose is to afford both litigants an opportunity to adduce evidence and arguments showing the relative interests of Louisiana and Texas in this suit, not limited simply to the domiciles of the parties.