293 So.2d 608 (1974)
Thomas A. HOBBS, Plaintiff-Appellant,
v.
FIREMAN'S FUND AMERICAN INSURANCE COMPANIES et al., Defendants-Appellees.
No. 4497.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1974.
Rehearing Denied May 14, 1974.
Writ Refused July 1, 1974.
Ford & Nugent by Howard N. Nugent, Jr., Alexandria, for plaintiff-appellant.
Gold, Hall, Hammill & Little by James D. Davis, Polk, Foote, Randolph & Percy, *609 by J. Michael Percy, Alexandria, Holt, Wagner & Lee by Charles F. Wagner, Pineville, for defendants-appellees.
Walter M. Hunter, Jr., Alexandria, for ad-hoc appellee.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Plaintiff Thomas A. Hobbs appeals the dismissal of his personal injury suit against defendant Fireman's Fund American Insurance Companies pursuant to Fireman's Fund's motion for summary judgment. We find the existence of a genuine issue of material fact and reverse.
Hobbs filed suit in Rapides Parish seeking damages for personal injuries. He alleged that on November 28, 1971 he was a guest passenger in his automobile which was being driven by Mrs. Lois Phillips; that Fireman's Fund had in effect an automobile public liability insurance policy covering Mrs. Phillips and her husband; that he was injured when the automobile left the paved highway in Avoyelles Parish; and that Mrs. Phillips died of injuries sustained in the accident.
Fireman's Fund filed an exception of venue, claiming the accident occurred in Avoyelles Parish and that none of the party defendants were domiciled in Rapides Parish. Hobbs testified at the trial of the exception that Mrs. Phillips and her two children, Stephen Wesley Phillips and Rebecca Lois Phillips, had been living in Horn Lake, Mississippi with H. W. Phillips, their husband and father. Hobbs was also living with the family and taking care of their disabled son Stephen. Hobbs had been dating Rebecca and married her some time after the accident. They were later divorced.
On September 19, 1971, Mr. and Mrs. Phillips had a family dispute, the cause of which is not exactly clear. Hobbs testified that Mrs. Phillips, the two children, and he were "ran from the home by H. W. Phillips with a 38 police special." Tr. 72. They then moved to Rapides Parish where Mrs. Phillips had been raised. Friends and relatives of Mrs. Phillips lived in Rapides Parish.
Hobbs further stated that Mrs. Phillips only returned to Mississippi once after the separation. That trip was for the purpose of filing a petition seeking separate maintenance and child custody. The petition was signed by her on September 23, 1971, some two months prior to this accident which caused her death. Mr. Phillips had sent Mrs. Phillips' furniture from Mississippi to a house she rented in Rapides Parish. She opened a checking account in Pineville, obtained a Louisiana driver's license, and replaced the Mississippi license plates with Louisiana plates for the automobile she brought with her. Her son Stephen had been placed in the Baker Nursing Home in Pineville. She had been seeking employment in Rapides Parish and had enrolled her daughter in a trade school in Alexandria. Mrs. Phillips had been contemplating purchasing a homesite in Rapides Parish.
Although Mrs. Phillips had only moved to Rapides Parish some three months prior to her death, the trial judge determined that she had in fact established a domicile in Rapides Parish, and dismissed the exception to venue. The decision on venue was not an appealable judgment (LSA-C.C.P. 2083, 1841) and is not before us. We express no opinion concerning that ruling.
Following the court's ruling on venue, Fireman's Fund filed a motion for summary judgment. It contends that Mrs. Phillips was not a resident of the same household with her husband, H. W. Phillips, the only named insured in the insurance policy. Attached to the motion were the insurance policy, the testimony of Hobbs taken at the trial of the exception to venue, and the affidavit of Cecil C. Jenkins.
*610 Fireman's Fund contends that the terms of the policy exclude coverage. It is uncontested that the automobile in which Hobbs was injured belonged to either Hobbs or his father. Also uncontested is the fact that the automobile fits the definition of a "non-owned automobile" within the terms of Fireman's Fund's policy. "Persons insured," with respect to a nonowned automobile include the named insured and any relative. "Relative" is defined as "a relative of the named insured who is a resident of the same household." Fireman's Fund thus denies that there is a genuine issue of material fact as to coverage since Mrs. Phillips' residence in the same household with the named insured is neither alleged nor shown.
Neither Hobbs' opposition to the motion nor his petition contain the specific allegation that Mrs. Phillips resided in the same household with Mr. Phillips at the time of the accident. It was established that they resided in the same household when the policy was issued. Hobbs filed in opposition to the motion, his own affidavit, a certified copy of a bill for separate maintenance and child custody filed by Mrs. Phillips in Mississippi, and a petition for damages filed by Mr. Phillips in Avoyelles Parish against Hobbs.
Hobbs' affidavit basically states that Mr. and Mrs. Phillips were not yet legally separated or divorced, nor had either party sought such a judicial decree. He attested that Mrs. Phillips was still dependent upon her husband for financial support; that Mr. Phillips talked to her and the family periodically by telephone; and that Mrs. Phillips called or saw Mr. Phillips when she was in Mississippi on November 3, 1971. Certain property which was jointly owned by Mr. and Mrs. Phillips had not been divided. Also attested to by Hobbs was the fact that the accident occurred while Mrs. Phillips was on a community mission, the purpose of which was to find the minor daughter Rebecca Phillips, "who was late in checking in with her mother." Tr. 44.
The authenticated copy of the bill for separate maintenance and child support was signed on September 23, 1971 and was served on Mr. Phillips on November 3, 1971. The accident occurred before the date set for trial. Mrs. Phillips alleged that she had not lived nor cohabited with her husband since September 17, 1971. The petition was not filed until September 23, 1971. As noted earlier, the petition does not pray for separation or divorce, but merely for separate maintenance. The significance of that status has not been authoritatively discussed by either counsel.
Hobbs filed a copy of Mr. Phillips' suit seeking damages from Hobbs. In that suit filed in Avoyelles Parish, Phillips alleged that Hobbs was the driver at the time of the accident, and sought damages for loss of love, affection and companionship of his wife. There was no mention in the petition of a severing of the marital relationship, and Phillips alleged that Mrs. Phillips was still employed as Treasurer, Secretary, and Co-Manager of Phillips' business H. W. Phillips & Sons, Inc.
LSA-C.C.P. art. 966 provides that a motion for summary judgment shall be allowed if the pleadings, depositions, and admissions, together with the affidavits, show "that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." The summary judgment remedy is not a substitute for trial. The court's function in determining the propriety of the motion is to ascertain whether or not there exists a genuine issue of material fact. Likelihood of success on the merits is not a gauge for its use. All doubts concerning its use are to be resolved in favor of a trial on the merits for resolution of the disputed facts. Frazier v. Missouri Pacific Railroad Company, 224 So.2d 179 (La.App. 3 Cir. 1969); Roy & Roy v. Riddle, 187 So.2d 492 (La. App. 3 Cir. 1966).
There may be a fact question concerning Mrs. Phillips' residence in her husband's household, but there is no specific allegation in the petition, the affidavits or supporting *611 documents that Mrs. Phillips actually resided in the same household with Mr. Phillips. We pretermit consideration of whether or not there is a genuine issue of fact concerning Mrs. Phillips' residence in her husband's household, since there exists a genuine issue as to whether or not Mrs. Phillips was engaged in the performance of a community mission.
The allegation that Mrs. Phillips was on a community mission creates a genuine issue of material fact on the coverage question. In Louisiana, if the wife is driving on an errand for the community with the express or implied consent of the husband, the husband may be vicariously liable for her actions. Adams v. Golson, 187 La. 363, 174 So. 876 (1937); Comment, 7 La. L.R. 558 (1947). If Hobbs establishes facts to support his allegation, personal liability on the part of H. W. Phillips would exist. Fireman's Fund points to no provision, definition, or exclusion which would negate liability under the policy through application of this doctrine. The allegation that Mrs. Phillips was engaged in the conduct of a community mission, verified by Hobbs' affidavit, is sufficient to indicate the existence of a genuine issue of material fact, the resolution of which must be determined by trial on the merits.
Also relevant to the existence of a genuine issue is the question of which state's law shall be applicable to this case. Neither counsel has suggested how conflicts of law might affect the outcome. Nevertheless, that issue suggests even more strongly that genuine issues of material fact do exist. See, Sullivan v. Hardware Mutual Casualty Co., 278 So.2d 30 (La. 1973); Romero v. State Farm Mutual Automobile Insurance Company, 277 So.2d 649 (La.1973); Jagers v. Royal Indemnity Company, 276 So.2d 309 (La.1973).
The trial court judgment is reversed and the case is remanded for further proceedings. Costs of this appeal are taxed to appellee.
Reversed and remanded.