EDWARDS, Judge.
This case arose out of a rear-end collision involving three vehicles which occurred on U. S. Highway 61 (Airline Highway) in the early morning hours of January 9, 1971. Only the plaintiff Jackson was injured, and he sued defendants St. Pierre and LeBlanc for his personal injuries and property damage. Defendant LeBlanc filed a reconventional demand for his damages, including loss of his truck, car rental expenses, and lost wages. After trial on the merits, the trial court dismissed both claims. A new trial was granted solely as to the reconventional demand, after which judgment was rendered in favor of Le-Blanc, plaintiff in reconvention, and against Jackson. This appeal followed, presenting two issues for our consideration; (1) the denial without hearing of Jackson’s motion for a change of venue and (2) the negligence vel non of the parties herein.
(1) The motion of Mr. Becnel, plaintiff’s counsel, for a change of venue was denied without a hearing. In brief he contends that, because of personal antagonism between himself and the trial judge, the denial might have prejudiced his client’s case.
Initially we note that only final judgments and interlocutory judgments which may cause irreparable injury are ap-pealable, La.Code Civ.P. art. 2083. The decision of a trial court on venue is not a final judgment, and we pretermit as abstract and speculative whether such a decision might cause irreparable injury. Cf. Hobbs v. Fireman’s Fund American Ins. Cos., 293 So.2d 608 (La.App. 3rd Cir. 1974), writ denied, La., 296 So.2d 832. Appellant’s remedy at the time of the adverse ruling was to apply to this Court for supervisory writs. Should relief then have been granted on the threshold issue — the right or not to a hearing on the motion, there would now at least be evidence in the record by which we could review a claim of irreparable injury. Before us, however, is only appellant’s allegation. The contention in this posture is without merit.
(2) We are not favored by the trial court with written reasons for judgment. However, inasmuch as the main demand of plaintiff Jackson was rejected and the reconventional demand of defendant LeBlanc granted, it follows that the trial court must have found Jackson negligent and LeBlanc free of negligence. We affirm.
The record discloses the following facts: The Airline Highway (four-lane, two-directional, median-separated) tracks a straight course for about two miles preceding the point where the accident occurred. No fog, haze, rain or other condition (other than darkness) hampered visibility at the time of the accident. The shoulders of the road were soft and muddy, possibly from repair work and earlier rain.
St. Pierre’s vehicle had stalled, and he was unable to restart it. He opined the problem was with the ignition system, probably the solenoid. LeBlanc offered to push the stalled vehicle with his pickup in an attempt to start it. When this initial attempt failed, defendants maneuvered the *263 vehicles onto the shoulder and inspected the engine of St. Pierre’s vehicle. They decided to try again and encountered some difficulty in getting the vehicles from the muddy shoulder back onto the highway. If they were unsuccessful in starting the car this time, they intended to push it to a turnaround area in the median and leave it. While they were so engaged, the bumpers of the two vehicles locked together. Defendants again stopped, this time in the outer right lane of travel rather than on the shoulder, exited their vehicles, and began trying to disengage the bumpers. Whenever LeBlanc, who was wearing a white T-shirt, noticed headlights approaching, he would walk down the highway some 75-10(y and flag the motorist with a handkerchief. Both defendants also testified that, although neither vehicle was equipped with emergency lights, the headlights, taillights, and left turn signal indicator lights of both vehicles were on. During this time three vehicles approached from the rear and passed without incident. When he saw Jackson’s vehicle approaching, LeBlanc likewise flagged it. He testified, however, that the vehicle continued on toward him so that he was forced to leap out of the way to prevent being hit. Jackson braked his vehicle, but it skidded 100' straight into the rear of the stationary pickup.
At this point we note that counsel for appellant in brief argued a different version of the accident — that the defendants were in their vehicles and pulled from the shoulder back onto the highway in front of plaintiff just before the collision occurred. To support this version, counsel reproduced in brief the following excerpt from the pre-trial deposition of defendant St. Pierre:
Q. “Were you in the right land of traffic?”
A. “Yes”.
Q. “Where were the other vehicles?”
A. “Interlocked with my bumper.”
Q. “You were pushing him ?”
A. “He was pushing me.”
Q. “Approximately how fast were you going?”'
A. “I don’t know. About 35 or 40. We weren’t going fast when the accident happened” (Emphasis Added). (by appellant counsel).
What was omitted in counsel’s reproduction in brief was the remaining, and clarifying, portion of St. Pierre’s answer:
A. I don’t know. About 35 or 40. We weren’t going fast when the accident happened. We were stopped on the highway. We wasn’t moving. We were trying to get the bumpers from being locked. Trying to break them loose, (emphasis added).
In light of the above completed answer and the overwhelming majority of the evidence otherwise, not only do we find the argument incredible, but we also find counsel’s manner of presentation disappointing.
Herman Parker, the State Trooper who investigated the accident, testified that his report indicated “defective” shoulders at the scene of the accident, most likely due to their being soft and muddy. He further stated that the right rear wheel of the pickup at impact was from 18" to 24" from the right edge of the roadway and that the highway was a 24’ roadway in each direction or 12' wide in each lane. The 7i/¿ wide pickup would have thus left unobstructed some 15' of roadway between it and the median. Trooper Parker further testified that the pickup had an expired inspection sticker, but he could not say whether or not the taillights on the truck were working prior to the collision. He did issue citations to both defendants for violation of R.S. 32:141, obstructing the highway. Finally, he stated that he found no indication that either defendant had been drinking, nor that plaintiff Jackson *264 was travelling at an excessive rate of speed.
Jackson testified that he had had two drinks earlier the previous evening. He said he first saw the vehicles at a distance of about 100' to 120', but could do nothing but apply his brakes because another car was passing on his left at the time. Neither defendant saw the other car, nor was Jackson able to describe it in any detail.
THE NEGLIGENCE VEL NON OF DEFENDANTS.
The issue of whether defendants’ conduct was negligent must be considered in light of R.S. 32:141 which states:
A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.
Defendants were both cited under the statute, and both entered guilty pleas by paying the fines prescribed therefor. While it is true that such a plea is admissible against a defendant in a civil proceeding, it is not conclusive. The amount of weight to be given to such plea must be determined by other evidence offered, including the reason for the plea. Moore v. Skidmore, 301 So.2d 428 (La.App. 4th Cir. 1974).
Defendants stated that the reason for the guilty plea was convenience. That it would be less hassle and expense to pay the fine rather than to go through with a trial on such a matter is at least a reasonable explanation.
Further, the other evidence adduced at trial indicates that the defendants in fact were in compliance with, rather than in violation of, the statute. First, the statute prohibits stopping a vehicle on the traveled part of the highway when it is practicable to stop such vehicle off such part of said highway. Considering the uncontradicted evidence relative to the defective condition of the shoulder of the highway, as well as defendants’ intention to push the vehicle to the closest turnaround to remove it from the highway, we cannot say that they were in violation of the statute’s prohibition to stop as they did, since it was not practicable to stop at that point off the highway. Second, the vehicles were stopped very near the edge of the outer lane, leaving an unobstructed width of some IS' of highway for passage of other vehicles. Three other vehicles did pass without incident. Finally, defendants did all they could under the circumstances to protect traffic by leaving on the rear lights of the pickup and by flagging traffic approaching from the rear. There was unquestionably a clear view of the stopped vehicles for at least the required 200. We find that defendants were in sufficient compliance with all subsections of R.S. 32:141.
We, therefore, consider unnecessary the further issue of whether, as in Laird v. *265 Travelers Ins. Co., 263 La. 199, 267 So.2d 714 (1972), the criminal violation of R.S. 32:141 would constitute the breach of a duty owed to a particular plaintiff in a civil action.
THE NEGLIGENCE OF JACKSON
We find the factual situation herein with respect to Jackson substantially similar to that of the driver Coe in the case of Rowe v. Travelers Ins. Co., 253 La. 659, 219 So.2d 486 (1969). Coe collided with the rear of an automobile which was stopped partially in the right lane of a two-lane, two-directional highway. The accident occurred at night, and the taillights of the parked vehicle were on. The Court stated therein that:
“However, we conclude that this vehicle had been parked in this position with lights fully burning for only a short time; that Miss Granger, wearing brightly colored clothes, was to the rear of the vehicle waving at the oncoming truck, and that there was nothing to interfere with Coe’s ability to see the road ahead and the parked car. Only a small portion of his lane of traffic was obstructed, and the other lane was entirely clear.
Coe obviously was negligent in failing to observe the lighted, parked vehicle until he was 30 feet or less from its rear. He should have observed the lighted car under the circumstances at a considerable distance, in time to move sufficiently to his left on the unobstructed portion of the highway and avoid the collision.”
A similar conclusion that Jackson was negligent is applicable here. Jackson’s testimony concerning the car passing on his left was evidently disregarded by the trial judge. Considering the lack of corroborating evidence, we cannot say that this was error.
Plaintiff Jackson finally complains of the awards to LeBlanc for his car rental expenses and loss of earnings, contending that no evidence was adduced to support these claims.
Counsel stipulated to the amount of the car rental expenses that were awarded. Relative to the loss of earnings, LeBlanc testified that he was doing carpentry work at a weekly wage of $175.00 at the time of the accident and that he missed two weeks work as a result thereof. Although the better practice is to introduce corroborating evidence in the form of records or employer testimony, the failure to do so does not necessarily defeat a claim for loss of earnings. The burden of proof for such a claim is the same as in all civil cases, that proof need be only by a preponderance of the evidence. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971). There was no objection to nor contradicting evidence of LeBlanc’s testimony as to his lost wages. It was within the trial court’s discretion to accept the testimony offered and award that item of damages.
The decision of the trial court is, therefore, affirmed. Plaintiff-appellant is to pay all costs.
AFFIRMED.