CARTER, Judge.
This appeal is of a summary judgment rendered in favor of plaintiff for the amount allegedly due him under a contract for architectural services. Appellant, Opt, Inc., assigns as error the conclusion of the trial court that there is no genuine issue as to material fact. We affirm.
*30 On October 13,1978, a contract to provide architectual services was entered into between the plaintiff and William R. LeBlanc, the alleged agent of the defendant. Upon completion of all the services required of him under the contract, plaintiff commenced making demands for payment of his services as stipulated in the contract.
On January 21, 1980, plaintiff caused to be filed a petition alleging that the defendant was indebted unto him in the sum of $8,620.00, plus legal interest, representing the amount due under the contract.
An answer was filed by the defendant on March 28,1980 which denied the allegations of plaintiff’s petition. This answer also included an affirmative defense asserting that in signing the contract in question, William R. LeBlanc was acting beyond the scope of any authority which may have been granted to him by Opt, Inc.
In answers to interrogatories that were propounded by the plaintiff, defendant included a resolution dated December 8, 1977, by the Board of Directors of Opt, Inc. which granted unto William R. LeBlanc certain authority to act on behalf of the corporation. The defendant has admitted that this resolution was still effective when the contract in question was entered into.
Based upon the authority granted unto William R. LeBlanc in this resolution, the trial court determined that there was no genuine issue of material fact, and thus granted the plaintiff’s motion for summary judgment. We agree.
Summary judgment under La.C.C.P. arts. 966-969, although an extremely useful device for ending unnecessary litigation, must be used with caution. Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982). It is essential that a motion for summary judgment be granted only when “the pleadings, depositions, and admissions, on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.C.C.P. art. 966; Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). If there is any doubt as to whether or not a genuine issue of material fact is present, the doubt must be resolved against the granting of a motion for summary judgment and in favor of trial on the merits to decide disputed facts. Chaisson v. Domingue, supra; Hughes v. Eagle Trucking Co., 340 So.2d 1067 (La.App. 1st Cir.1976); Hobbs v. Fireman’s Fund American Insurance Cos., 293 So.2d 608 (La.App. 3rd Cir.1974).
Where a genuine issue of material fact exists, summary judgment does not lie even though the trial court entertains grave doubt concerning respondent’s ability to establish disputed facts. Butler v. Travelers Insurance Co., 233 So.2d 271 (La.App. 1st Cir.1970).
Appellant’s complaint is not that the work was not done and not that the money is not owed by someone. Appellant contends that William R. LeBlanc exceeded his authority to act on behalf of Opt, Inc. This contention is directly contradicted by a certified copy of a resolution of the Board of Directors of Opt, Inc. dated December 8, 1977, and made a part of appellee’s motion for summary judgment. Said resolution in part provides as follows:
“WILLIAM R. LEBLANC, be and he is hereby authorized to sign notes, both secured and unsecured, or other instruments of indebtedness on behalf of this corporation, to borrow money, assume mortgages or other obligations, or otherwise incur obligations on behalf of this corporation on such terms and conditions as he may see fit, from such person, persons, firms, or corporations as he may see fit, ... (underlining by the court).”
Clearly, there is no genuine dispute as to material fact concerning the express authority of William R. LeBlanc to bind the defendant to this particular type of obligation.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.