STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-1275


PATRICIA PARKER

VERSUS

TOWN OF WOODWORTH, ET AL.



**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 234,726
HONORABLE GEORGE CLARENCE METOYER, JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.


REVERSED AND REMANDED.


Edward Larvadain, Jr.
626 Eighth Street
Alexandria, LA 71301
(318) 445-6717
COUNSEL FOR PLAINTIFF/APPELLANT:
    Patricia Parker

Randall Brian Keiser
Keiser Law Firm
P. O. Box 12358
Alexandria, LA 71315-2394
(318) 443-6168
COUNSEL FOR DEFENDANTS/APPELLEES:
    Town of Woodworth
    David R. Godwin

**EZELL, Judge.**

This appeal raises the issue of whether the payment of fine for a traffic violation precludes a person from filing a civil suit for false arrest claiming that there was no probable cause for the initial traffic stop.

**FACTS**

On January 4, 2009, Patricia Parker was driving a 1989 Dodge truck south on U.S. Highway 165 in the Town of Woodworth. The vehicle was owned by Frederick Jefferson who gave Ms. Parker permission to use it. She had picked up two coworkers, and they were on their way to work at the Wesley Center, a retreat center of the United Methodist Church. Officer David Godwin began to follow Ms. Parker. According to Ms. Parker, Officer Godwin stopped Ms. Parker after she turned onto Methodist Parkway Road from Coulee Crossing Road. Officer Godwin asked for Ms. Parker's license, insurance, and registration. Ms. Parker claims that she asked Officer Godwin why he was stopping her and he told her that she "looked suspicious."

When Officer Godwin returned, he told her that her license had been suspended and asked if there was someone else who could drive the vehicle. Her coworkers could not drive so she called her supervisor who sent someone else to drive the car. Officer Godwin informed them that this person could not drive the car either because she did not have permission from the owner of the vehicle. The truck was then towed.

Ms. Parker received four citations: (1) driving under suspension; (2) unlawful use of a driver's license; (3) no insurance; and (4) no registration. Ms. Parker went to court on January 22, 2009. The Mayor was the magistrate judge presiding over the proceedings. Each person got a turn to talk to the Mayor in the hallway. Ms. Parker explained to the Mayor that her license should not have been

under suspension because she had paid all her fees and fines on time for an earlier stop that had occurred in Rapides Parish. She also showed him proof of insurance and registration on the vehicle. The Mayor dismissed the "no registration" charge. Ms. Parker asked for more time to prove that her license had not been suspended, and the Mayor gave her until February 18.

Ms. Parker went back on February 18 with documentation showing that her license had not been suspended when she was stopped. She showed the information to the Mayor and Dorothy Gunner. The Mayor refused to drop the unlawful use charge. The Mayor told her that she could at least pay the unlawful use charge that day.

On that same day, Ms. Parker was presented with a bill of information indicating the four charges. Handwritten notes indicate that the unlawful use charge was paid that day. Ms. Parker was given until March 18 to come up with money to pay the remaining two fines.

A typed section on the bill of information stated: "I, Patricia N. Parker, do hereby plead guilty to the charge of 415, 4141, 865A, 729ATKT & Complaint No. /c11576-1-2-3-4 and do hereby request an extension to pay no later than the 18th day of Feb, 1909." A signature line with the initials "PP" and a notary signature line signed by "Dorothy A. Gunter" followed. The "19" in front of the "1909" was also scratched through. Ms. Parker admitted that she made the initials "PP" but stated that none of the other handwriting was hers. She also indicated that none of the other handwriting was on the document, including Ms. Gunter's signature, when she filled in the initials "PP." Ms. Parker also stated that she signed her full name off to the side by a handwritten "x" and signature line indicating she had been given an extension to March 18. Ms. Parker went back on March 18 to try and get the other charges dropped, but the Mayor was not there.

On April 14, 2009, Ms. Parker filed suit against the Town of Woodworth and Officer David Godwin claiming she suffered damages as a result of an illegal stop. Subsequently, on June 3, 2009, she received two notices that warrants had been issued for her arrest. She showed her attorney and was arrested on August 31, 2009. She spent twenty-five days in jail.

The Town and Officer Godwin filed a motion for summary judgment on July 20, 2009, which was denied. A writ of review was sought in this court which was denied.

Ms. Parker was deposed in November 2010. The Defendants once again filed a motion for summary judgment. Following a hearing, a judgment granting the motion for summary judgment was signed on May 25, 2011. Ms. Parker appealed this judgment.

## SUMMARY JUDGMENT

The standard of review to be utilized in reviewing a judgment granting a motion for summary judgment has been articulated by the supreme court as follows:

> Appellate courts review summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant. *Suire v. Lafayette City-Parish Gov't.*, 04-1459, p. 11 (La.4/12/05); 907 So.2d 37, 48; *Hines v. Garrett*, 04-0806, p. 1 (La.6/25/04); 876 So.2d 764, 765 (per curiam); *Goins v. Wal-Mart Stores, Inc.*, 01-1136, p. 5 (La.11/29/01[sic]); 800 So.2d 783, 788 (citing *Taylor v. Rowell*, 98-2865, p. 3 (La.5/18/99); 736 So.2d 812, 814). It is well-settled that summary judgment procedure, as set forth in article 966 of the Louisiana Code of Civil Procedure, is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806, p. 1 (La.6/25/04); 876 So.2d 764, 765 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94); 639 So.2d 730, 751). A genuine issue of material fact is

one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

*Yokum v. 615 Bourbon Street, L.L.C.*, 07-1785, pp. 25-26 (La. 2/26/08), 977 So.2d 859, 876-78 (footnotes omitted).

The Town and Officer Godwin, as the movants, bear the initial burden of proof and must show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). However, the Town and Officer Godwin do not bear the burden of negating all essential elements of Ms. Parker's claim since Ms. Parker has the burden to prove that she was illegally detained. *Id.* The Town and Officer Godwin need only point out a lack of support for an essential element of Ms. Parker's claim. *Id.* The burden then shifts to Ms. Parker to show some support that she can meet her evidentiary burden on that element. *Id.* If she cannot meet the burden, there is no genuine issue of material fact, and the motion for summary judgment should be granted. *Id.*

The Town and Officer Godwin argue that a guilty plea bars Ms. Parker from collaterally attacking the existence of probable cause for the stop, defeating her claim for false arrest. Ms. Parker argues that summary judgment was inappropriate. She argues that payment of a fine for a violation other than an initial stop does not preclude her from pursuing a false arrest claim.

Louisiana Revised Statutes 14:108.1(A)(emphasis supplied) provides that no driver of a vehicle can intentionally refuse to stop when she has been given "a visual and audible signal to stop by a police officer when the officer has **reasonable grounds** to believe that the driver has committed an offense." "False arrest and imprisonment occur when one arrests and restrains another against his will without a warrant or other statutory authority." *Kelly v. West Cash & Carry*

4

*Bldg. Materials Store*, 99-102, p.28 (La.App. 4 Cir. 10/20/99), 745 So.2d 743, 761. "[F]alse arrest is not distinguished as a separate tort from false imprisonment." *Id.*

> In Louisiana, the tort of false arrest or imprisonment consists of two elements: (1) detention of a person; and (2) the unlawfulness of the detention. *Touchton v. Kroger,* 512 So.2d 520 (La.App. 3rd Cir.1987). If a plaintiff is convicted of a crime for which he was arrested and indicted, and the conviction is affirmed, his detention is not unlawful as a matter of law. *Restrepo v. Fortunato,* 556 So.2d 1362 (La.App. 5th Cir.), writ denied [sic] 560 So.2d 11 (La.1990).

*Slaydon v. State Through Dep't of Wildlife & Fisheries*, 93-1380, pp. 2-3 (La.App. 3 Cir. 5/4/94), 636 So.2d 1151, 1152, *writ denied*, 94-1952 (La. 10/28/94), 644 So.2d 377.

In *Gibson v. State*, 99-1730 (La. 4/11/00), 758 So.2d 782, *cert denied*, 531 U.S. 1052, 121 S.Ct. 656 (2000), the supreme court was faced with issue of whether a party who was convicted of a crime and later released could file a civil suit for damages for false arrest. The supreme court recognized that this inquiry involved the question of whether a person who "had been arraigned, indicted, and convicted based upon the criminal court's satisfaction that the probable cause standard was met conclusively proves probable cause existed at the time of the arrest." *Id*. at 788. Because the supreme court found that probable cause to arrest the plaintiff existed, the police were justified in arresting him. However, as noted on the plaintiff's application for rehearing, the supreme court did not need to address the issue of whether indictment and conviction are conclusive proof of probable cause to arrest since it found probable cause did exist at the time of the arrest.

In a concurring opinion, Justice Lemmon stated that "[t]he critical issue is whether the police had probable cause to arrest plaintiff at the time he was arrested, and not whether the State had sufficient evidence to convict him eight months after his arrest." *Id*. at 791. Justice Lemmon goes on to explain that "if probable cause

had not existed at the critical time and an investigation subsequent to the arrest had developed evidence to support the eventual conviction, plaintiff would be entitled to some amount of damages for wrongful arrest." *Id.*

In *O'Brien v. Town of Glenmora*, 08-309 (La.App. 3 Cir. 11/5/08), 997 So.2d 753, summary judgment had been granted in favor of the town and the officer who had arrested the plaintiff on plaintiff's claims against the defendants. This court held that the officer had probable cause to arrest the plaintiff for the felony offense of public intimidation, thereby precluding the plaintiff's action.

In the present case, there has been no conviction. Ms. Parker contends she only paid the fine for unlawful use of a license at the Mayor's insistence. There is no information that Ms. Parker pled guilty under oath or in open court. Her deposition testimony reveals that all information on the bill of information was filled in after she signed it. Furthermore, there is a question as to why Ms. Parker would plead guilty to the "no registration" charge that was dismissed.

This court has held that a motorist's payment of a fine associated with a traffic citation cannot be equated with the entry of a guilty plea. *Maricle v. Liberty Mut. Ins. Co.*, 04-1149 (La.App. 3 Cir. 3/2/05), 898 So.2d 565. Citing *Jackson v. St. Pierre*, 336 So.2d 261, 264 (La.App. 1 Cir. 1976), this court explained:

> [W]hile such a plea is admissible against a defendant in a civil proceeding, it is not conclusive, and the amount of weight to be given to such a plea must be determined by consideration of all the evidence, including the reason for the plea. In finding the defendants without fault, the first circuit gave weight to their explanation "[t]hat it would be less hassle and expense to pay the fine rather than go through with a trial on such a matter." *Id.*

*Maricle*, 898 So.2d at 573(second alteration in original).

We also note that none of the citations issued to Ms. Parker were for a moving violation that would give rise to reasonable grounds for the stop.

For these reasons, the motion for summary judgment granted in favor of the Town of Woodworth and Officer David Godwin is reversed. This matter is remanded to the trial court for further proceedings. In accordance with La.R.S. 13:5112, costs of this appeal are assessed against the Town of Woodworth in the amount of $589.50.

**REVERSED AND REMANDED.**