149 So.2d 456 (1963)
John Ashburn ROUX et ux., Plaintiffs-Appellees-Appellants,
v.
Malcolm H. BRICKETT et al., Defendants-Appellants (The Fidelity and Casualty Company of New York, Defendant-Appellee).
No. 760.
Court of Appeal of Louisiana, Third Circuit.
January 28, 1963.
Rehearing Denied February 20, 1963.
*457 Russell T. Tritico, Lake Charles, for plaintiffs-appellees-appellants.
Plauche & Stockwell, by Oliver P. Stockwell, Lake Charles, for defendant-appellee-appellant.
Hall, Raggio & Farrar, by Thomas L. Raggio, Lake Charles, for defendants-appellants-appellees.
Before TATE, FRUGÉ, and CULPEPPER, JJ.
TATE, Judge.
Mr. and Mrs. John Ashburn Roux bring this tort suit to recover for personal injuries sustained by them in a collision between a vehicle driven by Mr. Roux and one driven by the defendant Brickett. The plaintiffs sue Brickett and his liability insurer ("United") on the allegation that Brickett's negligence was the sole proximate cause of the accident. Alternatively, Mrs. Roux also sues the liability insurer ("Fidelity") of the vehicle driven by her husband on the alternative allegation that she is entitled to recover from such defendant, if the court should hold that the negligence of her husband contributed to or caused the accident.
The District Court held that Brickett's negligence was the sole proximate cause of the accident. Accordingly, judgment for damages was awarded in favor of the plaintiffs against Brickett and United. The alternative claim against Fidelity was dismissed.
*458 Brickett and United appeal from this adverse judgment. The plaintiffs appeal insofar as Mrs. Roux's alternative claim against Fidelity was dismissed; they further answer the Brickett appeal, praying for an increase in the damages awarded.
The issues of this appeal relate (1) to the alleged negligence of Brickett and/or Roux, (2) to quantum, and (3) to whether the defendants-appellants are entitled to credit on any recovery against them for an amount paid to Mrs. Roux by another insurer in settlement of her claim against it.
1.Negligence.
The accident happened after dark on the early evening of September 5, 1958, during drizzly weather. Roux drove his Plymouth from a side street onto Prien Lake Road, upon which Brickett was approaching. Prien Lake Road was a favored thoroughfare, and traffic approaching on it enjoyed the right of way over vehicles entering from the side streets.
The accident resulted when Roux's vehicle stalled after it had turned east into the intersection. The Roux vehicle was struck by Brickett's car just after Roux had been able to re-start his motor and to edge slightly further towards completion of his turn into his own traffic lane.
The principal factual issue relates to how far away in time and distance the Brickett vehicle was at the time Roux commenced his turn onto Prien Lake Road and then stalled.
After a detailed analysis of the testimony, the trial court essentially accepted the testimony of the plaintiffs that they entered the intersection when the Brickett vehicle was a considerable distance from it (more than two blocks), that the Roux vehicle then stalled and remained in the middle of the road for an appreciable interval of time thereafter, and that the Brickett vehicle nevertheless continued at a high rate of speed until it struck the Roux vehicle. According to Roux, it seemed as if Brickett continued onward without slackening his speed because he intended to pass around the stalled Roux vehicle until, on his near approach, Brickett slammed on his brakes and crashed into the Roux automobile when he finally realized there was not room to pass safely. The Roux vehicle was a total loss as a result of the collision.
Under this version of the accident, the sole proximate cause of the accident was the negligent lack of observation and/or lack of control of Brickett in continuing on towards the stalled Roux vehicle, even though the latter had entered into and stalled upon the highway at a time when Brickett was far enough distant from the Roux vehicle so that Brickett could reasonably have avoided the accident had he been exercising reasonable observation and control of his own car. See Faia v. Service Fire Ins. Co., La.App. 4 Cir., 145 So.2d 116, and cases therein cited.
In reaching this determination, the trial court rejected a conflicting version of the accident to which defendant Brickett testified, under which Roux came out onto Prien Lake Road into the immediate path of Brickett.
Despite the skillful argument of counsel for the defendants-appellants reinterpreting the evidence so as to reach a factual conclusion consistent with the version of the accident given by Brickett, we find no error in the trial court's having accepted the general version of the accident to which Mr. and Mrs. Roux testified and in its having rejected the contrary version to which Brickett testified. Factual determinations by the trial court will not be disturbed upon review in the absence of manifest error.
We therefore affirm the holding of the trial court that Brickett's negligence was the sole proximate cause of the accident and that no negligence on the part of Roux contributed to it. Accordingly, we find that Brickett and his insurer, United, are liable for the damages sustained by the plaintiffs as a result of the accident, while Mrs. Roux's alternative demand against Fidelity (Roux's insurer) was correctly dismissed.
*459 2.Damages.
The defendants-appellants alternatively contend that the amounts awarded to Mr. and Mrs. Roux are manifestly excessive and should be reduced. By an answer to the Brickett appeal, as well as by their own separate appeal, Mr. and Mrs. Roux also pray that the awards should be increased.
Mr. Roux: He was awarded $521.73 for proven special damages, together with $1,000 for his personal injuries, which included bruises to his body from being thrown from his car, and a face laceration which left as a residual a clearly visible one-inch-long scar across the bridge of Mr. Roux's nose. The award made for these personal injuries is neither manifestly excessive nor manifestly insufficient. Rodriguez v. Le Blanc, La.App. 1 Cir., 120 So.2d 103; Palmer v. Fidelity & Cas. Co., La.App. 1 Cir., 91 So.2d 77; Autenreath v. Southern Mercantile Co., La.App. 2 Cir., 81 So.2d 168. Likewise, we find no error in the trial court's disallowance of any recovery for the alleged aggravation of a peptic ulcer, since the preponderant medical testimony in this record indicates that the causal relationship between the accident and the condition is speculative in instances such as the present when the symptoms appeared about a year after the accident.
Mrs. Roux: The plaintiff wife, nearly nine months pregnant at the time, was severely traumatized by the accident, when she was flung from the car with considerable force. She suffered emotional distress up to and after the birth of her child nineteen days after the accident, which fortunately was born healthy and without defect. The bruises and contusions all over her body healed without residual, except for permanent discolorations at her elbows from the brush burns sustained by being flung along the blacktop. Also residual from the accident is a one-inch scar above her left eyebrow, which is not greatly disfiguring as it is not visible from a distance, as well as a small one-inch scar on her right shinbone.
The chief controversy as to the amount of Mrs. Roux's recovery concerns whether, in addition to these injuries, she also suffered a back injury. Mrs. Roux testified that she had never suffered from back and leg pain before the accident but that, following it, she has continuously suffered pain in her low back radiating into her legs, of varying severity. It has not been severe enough to prevent her from assisting her husband at his cleaning shop, except for intervals when it was necessary for her to rest in bed or at home. She has worn a back brace on and off since the accident and up to the time of the trial, which was two and one-half years after the accident.
The defendants-appellants contend that, if Mrs. Roux is suffering from these symptoms, it is a result of female troubles or other non-traumatic cause not originating with the accident. Further, at the request of the defendants-appellants, Mrs. Roux was examined (commencing a year and a half after the accident) by an orthopedist and two general surgeons, none of whom found any objective symptoms of disability, and all of whom opined that she had been cured without residual by the time of their examinations.
The trial court accepted, however, the opinion of the lady's attending physician, of her attending orthopedist, and of a neuro-surgeon to the effect that as a result of the accident Mrs. Roux had sustained a low back injury which had caused either a chronic lumbosacral strain resulting from tissue or muscle injury, or else a mild bulge or hernia of an intervertebral disc, causing nerve root pressure or damage. She had also possibly suffered a fracture of an insignificant process of the spine. As a result of the back condition, Mrs. Roux was kept in traction for two weeks a year or so after the accident. The prognoses differ as to whether or not the back condition will heal without significant residual. The testimony of these physicians thus ascribes a medical cause for Mrs. Roux's continued complaints of back pain from the time of the accident up through the trial.
*460 We find no error in the trial court's finding, based on the testimony of these physicians and the lay evidence, that Mrs. Roux had suffered a back injury from the accident, which has caused her continuing pain and discomfort thereafter, usually of mild nature although recurringly severe.
The trial court awarded Mrs. Roux $7,500 for this back injury and its associated pains and discomforts, for her severe traumatization at the time of the accident, for her minor residual scars, and for her mental suffering over possible injury to her unborn baby. We find this award to be neither manifestly excessive nor manifestly insufficient. Peats v. Martin, La.App. 2 Cir., 133 So.2d 920; Pelt v. Home Indemnity Co., La.App. 1 Cir., 118 So.2d 148; Page v. Northern Insurance Company of N. Y., La.App. 2 Cir., 117 So.2d 279; Delatte v. United States F & G Co., La.App. 1 Cir., 116 So.2d 169; Merchant v. Montgomery Ward & Co., La.App. 1 Cir., 83 So. 2d 920.
3.Credit against award for settlement with another insurer.
Against this award of $7,500 to Mrs. Roux the trial court allowed a credit of $1,000 for an amount received by her in a settlement executed with the Insurance Company of the State of Pennsylvania ("Pennsylvania"), an insurer which was never made a party to this suit. This compromise, as well as an insurance policy entered into evidence, shows that Pennsylvania had issued a liability policy covering operation of the Roux vehicle.[1]
Mrs. Roux contends that the trial court erred in allowing the defendants-appellants credit for the sum received by her from Pennsylvania.
The basis of any claim by Mrs. Roux against Pennsylvania must necessarily have been that the negligence of Mr. Roux, its insured, caused or contributed to the accident in which Mrs. Roux was injured while riding as a passenger in the insured Roux vehicle. That is, Pennsylvania was liable only if Roux was a joint tortfeasor with Brickett.
We have here, however, affirmed the holding of the trial court that Roux was not a joint tortfeasor whose negligence contributed with that of Brickett to produce the accident. We have held that the negligence of Brickett alone was the cause of the accident.
Under these circumstances, Brickett's insurer is not entitled to credit against Brickett's liability for payments made by another person who is not liable as a joint tortfeasor.
There is authority that settlement payments made on behalf of one joint tortfeasor may be allowed under LSA-C.C. Art. 2203 as a credit to reduce the net recovery due from another joint tortfeasor. See, e. g., Peats v. Martin, La.App. 2 Cir., 133 So. 2d 920; contra: Johnson v. Whitfield, La. App. 1 Cir., 89 So.2d 413. See comprehensive discussions of the question at Cudd v. Great American Insurance Company, W.D. La., 202 F.Supp. 237 (1962) and at Rice v. Traders Insurance Company, La.App. 1 Cir., 114 So.2d 92 (concurring opinion).
But these same authorities recognize that, in any event, credit cannot be allowed against such recovery unless the compromise payment has been made on behalf of another party who is also liable as a joint tortfeasor. Landry v. New Orleans Public Service, Inc., 177 La. 105, 147 So. 698, followed on remand, 149 So. 136. Cf., Guarisco v. Pennsylvania Cas. Co., 209 La. 435, 24 So.2d 678. When a payment is not made on behalf of a joint tortfeasor, the tortfeasor is not entitled to credit for payments received by the injured party from *461 collateral sources wholly independent of the wrongdoer. Warren v. Fidelity Mutual Ins. Co., La.App. 1 Cir., 99 So.2d 382; De Roode v. Jahncke Service, La.App. Or., 52 So.2d 736; 25 C.J.S. Damages § 99, p. 647. With specific approving reference to the cited Warren decision, our Supreme Court recently noted that, even though the tortfeasor is entitled to credit for payments made under a medical payments clause of a policy procured by the tortfeasor himself, the injured party's recovery should not be reduced if he is indemnified in whole or in part by insurance effected by the injured party himself or "through some other source * * * toward which the wrongdoer did not contribute." Gunter v. Lord, 242 La. 943, 140 So.2d 11, 16.
We think, therefore, that our learned trial brother was in error in allowing the defendants-appellants credit against their liability to Mrs. Roux for the payment received by Mrs. Roux from Pennsylvania in settlement of her claim against that insurer. In fairness to our trial brother, we note that his attention was not directed prior to the appeal to the recognized distinction between a payment made on behalf of a joint tortfeasor and a payment made by or on behalf of a third person who is not jointly or solidarily liable with the joint tortfeasor for the damages awarded.

Decree.
For the foregoing reasons, the judgment is amended so as to increase the award in favor of Mrs. Roux by an additional one thousand dollars; as thus amended, the judgment is affirmed in all other respects. The defendants-appellants are cast with the costs of this appeal.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., recused.
NOTES
[1] The defendant Fidelity had also issued a policy covering the Roux vehicle. Mrs. Roux entered into a compromise with Pennsylvania with a reservation of her rights to recover against Brickett and his insurer and also against Fidelity. There is no evidence in the record to explain the Pennsylvania policy and compromise.