LOTTINGER, Judge.
This case arose out of an automobile collision which occurred on August 17, 1968 at about 11:00 A.M. by and between a 1964 Dodge automobile operated by Nelo J. Hebert, defendant, and a 1963 Chrysler automobile owned and operated by Lester A. Landry, plaintiff. The Lower Court found “. . . the sole proximate cause of the collision was the negligence of the defendant, Nelo J. Hebert, in failing to maintain his vehicle in his proper lane of travel and in occupying the lane of travel of the plaintiff’s automobile. . . .” and it rendered judgment for plaintiff and against defendant in the sum of $1,246.18 with legal interest thereon from date of judicial demand until paid, and for all costs. Defendant has filed this appeal.
The award for damages was itemized as follows:
Value of automobile of $800.00 less salvage of $35.00 $765.00
Four days of work lost at $32.50 per day 130.00
Medical bills 50.00
Medicine 6.18
Towing charge 45.00
Pain and suffering 250.00
TOTAL $1,246.18
The vehicles were approaching each other on Louisiana Highway 655, a rural, hard-surfaced road in Terrebonne Parish. The accident occurred very near the top of a narrow, high, peaked two way bridge where said Highway 655 crosses a stream. Plaintiff-appellee was traveling in a generally northerly direction, and defendant-appellant was traveling in a generally southerly direction. Both parties maintain that the sole proximate cause of the collision was the fact that the other driver crossed over into the oncoming lane of traffic.
The state police officer who investigated this accident testified that he found 33 feet of skid marks entirely in plaintiff’s lane of travel and that there was no question in his mind that the skid marks were made by plaintiff’s vehicle. He found no skid marks from defendant’s vehicle. He testified that the cars left debris from the colli *821 sion in plaintiff’s lane of travel from which it was his opinion that the point of impact was in plaintiff’s lane. He testified that the collision of the vehicles was not headon but was about half and half. He found plaintiff’s vehicle came to rest almost against the bridge railing in his lane and defendant’s vehicle came to rest in both lanes of traffic, that is, its left side was in plaintiff’s lane.
In connection with the testimony of the state trooper, defendant points out that in response to the question, “What skid marks did you find?” the trooper testified, “Mr. Landry’s car had 33 feet of skid marks, and I didn’t see any for Mr. Hebert’s car.” The trooper estimated therefrom that at the moment of impact, after attempting to brake his car and sliding 33 feet, the plaintiff’s vehicle was traveling 20 and 25 m. p. h. From this, defendant would have the court conclude that the speed of plaintiff’s car was the cause of the collision. With this we cannot agree since the evidence indicates that plaintiff kept his car on his side of the road and the cause of the collision was the defendant traveling in plaintiff’s lane, and would be the same whether plaintiff was traveling 5 or 50 m. p. h.
From this testimony of the state trooper we are satisfied that the collision occurred in plaintiff’s lane; however, plaintiff called as a witness Richard Autin who testified, “I was following Mr. Nelo Hebert about five or six miles. I attempted to pass him a couple of times, but he was always on the left side of the road, so I just followed him. When we got to the bridge on Pointe au Chien Road he was a little off his side and he hit another car.” Defendant put on a witness, Mrs. Theo Dar-dar, to negate the testimony of Richard Au-tin. She was in her house when the accident occurred but testified that Richard Au-tin drove up and parked on the lower side of the bridge and therefore could not have seen that to which he testified.
Regardless of the testimony of these two lay witnesses, we are satisfied from the testimony of the state trooper that the Lower Court was not in error in finding that the sole proximate cause of the collision was the negligence of the defendant in driving his vehicle on plaintiff’s side of the road.
We now address ourselves to the damage to plaintiff’s automobile. Plaintiff’s petition lists, “Value of this 1963 Chrysler automobile is $800.00, less salvage sale of $45.00 * * * $755.00”. However, in awarding special damages, the Lower Court in its Reasons for Judgment found, “The uncontradicted low value placed on the plaintiff’s car which was destroyed in the collision, is $800.00 less a salvage value of $35.00.” Plaintiff testified that he paid $801.00 for his automobile on April 22, 1967, and the salesman who sold him the car testified that the automobile was priced at and had a value of $995.00 at that time but that he sold it to plaintiff for $801.00 because that was all the money plaintiff could borrow. We assumed that the Trial Court was impressed that the value of the automobile was $995.00 on April 22, 1967, and though no one testified as to depreciation from that date to the collision, plaintiff testified that the condition of his automobile prior to the time of the accident was very good. The issue of the value of any given item, in this case, an automobile, is an issue of fact. It is a well settled principle of law that the District Court has wide discretion in a determination of fact and a decision of fact will not be disturbed unless manifestly erroneous. However, we do agree with defendant that the Trial Court is in error in assigning for salvage value of the vehicle the sum of only $35.00 whereas plaintiff’s petition set out a salvage value of $45.00. This allegation of plaintiff’s petition is a judicial admission that he received $45.00 for the salvage, and the defendant is entitled to receive not less than this amount as credit in computing damages. We will therefore amend this portion of the judgment of the Lower Court and reduce the total award by $10.00.
*822 Defendant complains also that the Trial Court erred in allowing plaintiff the sum of $45.00 for towing charges and $50.-00 for medical bills because these amounts are in excess of the sums prayed for; however, defendant was present and did not object to the admission of the evidence. Had he objected, the Lower Court could properly have excluded this evidence. His allowance of this testimony to be introduced without objection constitutes an amendment to the pleadings to encompass the evidence introduced. See Code of Civil Procedure Article 1154 and Kegley v. Grain Dealers Mutual Insurance Co., 207 So.2d 824 (La.App., 1968).
For the reasons assigned the judgment appealed from is affirmed in all respects except that the award for damages is amended by reducing it to $1,236.18, and as thus amended, it is affirmed. Defendant-appellant is taxed with the cost of this appeal.
Judgment amended and affirmed.