289 So.2d 825 (1974)
Barbara JOHNSON
v.
NEW ORLEANS DISPOSAL SERVICE and Liberty Mutual Insurance Company.
No. 6002.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1974.
*826 Orlando G. Bendana, New Orleans, for plaintiff-appellee.
James J. Morse, Jr., New Orleans, for defendants-appellants.
Before GULOTTA, SCHOTT and MORIAL, JJ.
SCHOTT, Judge.
Defendants have appealed from a judgment in favor of Sam Johnson in the amount of $900.74 and his wife, Mrs. Barbara Johnson, in the amount of $5,250.00, for damages sustained by Mrs. Johnson as a result of an accident which occurred while she was a passenger on a New Orleans Public Service bus.
The accident occurred on February 22, 1971, at the intersection of St. Claude and Mandeville Streets in New Orleans where the bus was stopped and was struck from behind by a truck owned by New Orleans Disposal Service operated by one of its employees and insured by Liberty Mutual Insurance Company. Defendants specify errors in the trial court's awarding to plaintiffs their judgment against them on the grounds that there was no proof in the record that the offending vehicle was owned by New Orleans Disposal Service, Inc., or that its driver was employed by that defendant, and that there was no proof of insurance being afforded to that defendant by Liberty Mutual. Defendants also specify error in the amount of the award to Mrs. Johnson, which they claim to be excessive.
Before trial, plaintiffs propounded written interrogatories to defendant, New Orleans Disposal Service, Inc., including the following:
"1. On February 22, 1970, at approximately 10:25 a. m., was a vehicle owned by you and driven by your agent and employee, Lloyd Lamott, involved in a collision with a New Orleans Public Service Bus in the City of New Orleans, State of Louisiana?

*827 "7. Describe fully and in detail exactly how this accident occurred, stating everything with reference thereto in the order in which the events took place, including all signals and warnings given.
"8. What were the exact points of contact between the vehicles involved in the collision herein?"
To these interrogatories defendant submitted the following answers:
"1. Yes.
"7. Traveling on St. Claude towards Canal Street, saw bus parked one half a block away. Attempted to move to left lane against neutral ground, traffic was heavy attempted to slow down hit brakes caught, and released hit left rear corner of bus.
"8. Left rear of bus and right front of New Orleans Disposal Service truck."
These answers by defendants constitute judicial admissions of the facts covered thereby and defendants can hardly be heard to say after the case has been tried that plaintiffs should have proved that which defendants had already admitted. LSA-C.C. Art. 2291.
Similarly, in the original petition for damages filed by plaintiffs the allegation is made that "Liberty Mutual Insurance Company is the liability insurance carrier for the defendant, New Orleans Disposal Service." In defendants' answer to the petition that allegation is admitted. Defendants are bound by their answer and plaintiffs need not prove that which has been admitted by them in their pleadings. LSA-C.C.P. Art. 2291.
As to the amount of damages, defendants contend that the award is excessive considering the injuries sustained by Mrs. Johnson and have referred to the case of Mistich v. Matthaei, 277 So.2d 239 (La.App.4th Cir.1973), contending that the elements of damage awarded to plaintiff are repetitious and therefore the amount should be reduced.
The trial judge itemized his judgment as follows:

"For Sam Johnson
Special Damages
Dr. D. O. Shurden $900.74
For Barbara Johnson
for injuries to neck
for injury to back $2,500.00
Lumbar sacral sprain $1,250.00
for pain and suffering
past, present and future
for both injuries $1,500.00"

Plaintiff who was 24 years of age at the time of the accident was employed as a domestic servant for three days a week. Upon examination by her physician four days after the accident her injury was diagnosed to be a severe acute cervical and lumbosacral sprain for which an analgesic and diathermy and ultrasonic treatments to the neck and low back were prescribed. In support of his diagnosis her physician had objective findings of spasm in both neck and back. She was subjected to these physiotherapy treatments about four times per week, but tenderness and complaints of pain in both areas with objective findings of muscle spasm continued until April 16 when her back had cleared up, although the trouble remained in her neck. In the meantime, on March 30 he had prescribed a cervical collar which she continued to wear until May 19. By that time she still had "just minimal tenderness without any muscle spasm" in the cervical area, and the doctor was of the opinion that she had recovered from her injuries as of that date. A re-examination of plaintiff on June 19 confirmed to the doctor that there was no tenderness in either area. However, she returned to the doctor for examination in September and October with complaints of pain in the cervical area, and based upon findings of tenderness on palpation and some muscle spasm the diagnosis was post traumatic myositis and arthritis in the neck. In the doctor's opinion this was directly related to the accident. The plaintiff, Mrs. Johnson, testified that she was *828 suffering from her injuries to the extent that she was unable to do her own housework and was unable to return to work for others until after Christmas, 1971.
While it does seem that the trial judge incorporated in his judgment some repetition inasmuch as the plaintiff was awarded $2500 partly "for injury to back" and another $1250 for "lumbar sacral sprain" we do not read the judgment as an attempt on his part to present a detailed outline of all damages awarded. For instance, plaintiff suffered some loss of earnings as a result of her injuries and these must be included in the award even though not specifically itemized. Upon our review of the entire record we have concluded that the award is within the range of discretion afforded to the trial judge.
Accordingly, the judgment appealed from is affirmed and the defendants are to pay all costs of this appeal.
Affirmed.