PRICE, Judge.
The Department of Public Safety has appealed a district court judgment annulling its order which revoked the driver’s license of Travis O. Bundrick under the provisions of L.R.S. 32:414.
The department had revoked Bundrick’s license after receiving notice that he had been convicted of driving while intoxicated for the second time. In his original petition for review Bundrick took the position that the department’s actions were improper because one of his convictions had occurred out of state. The department’s order of revocation was suspended pending a hearing in the district court. Bundrick filed additional pleadings when the department refused to renew his license after it expired. The district court ordered the department to issue the license pending the hearing. At no time in these proceedings has Bundrick denied his two convictions.
On trial of the matter in the district court counsel for Bundrick objected to the introduction of the copy of the Texas Highway Patrol violations ticket, which shows the court’s disposition of the case on its reverse side, as not being certified in accord with La. C.C.P. art. 1395. The objection was sustained and judgment was rendered annulling the decision of the Department of Public Safety revoking his license.
In reply brief to this court counsel for Bundrick has abandoned his original defense that the Texas conviction could not be relied on by the department in revoking his license.
Therefore, the sole question presented for our review is whether the department offered sufficient proof at the hearing to sustain its actions.
The department contends that it is unnecessary to consider the admissibility of the evidence of the two convictions because Bundrick has judicially admitted them in his original petition.
We find this argument to be well taken and reverse the judgment appealed from.
Bundrick’s original petition contains the following allegations pertinent to this issue:
“That in September 1959, petitioner was charged in Henderson, Texas, with the offense of operating a motor vehicle while under the influence of intoxicating *36 liquor, and petitioner entered a plea of guilty thereon and was sentenced to pay a fine.
******
“That on November 20, 1970, petitioner was charged in the First District Court of Caddo Parish, Louisiana, with the offense of driving while intoxicated, and on a plea of guilty to said charge by petitioner, His Honor, Judge C. J. Bolin, Jr., the presiding District Judge, sentenced petitioner to pay a fine of $250 and costs, or, in default thereof, to serve 30 days in jail, and the Court recommended that his driver’s license be not suspended, all of which is shown more fully by a copy of the Bill of Information filed in the above described case, as well as the Minutes of the First District Court in and for Caddo Parish, Louisiana, for November 20, 1970, as certified by D. E. Hufty, Deputy Clerk of Court, as being a true copy of the original on January 19, 1971, which is attached hereto and made a part hereof.”
The department’s answer admitted these allegations except to correct the date alleged on the Texas conviction which is actually September of 1969. In a civil proceeding the general rule is well established that a litigant is bound by the allegations of fact contained in his pleadings, and it is unnecessary for the adverse party to offer evidence to prove a fact judicially admitted. See J. H. Jenkins Contractors, Inc. v. Farriel, 261 La. 374, 359 So.2d 882 (1972).
Consideration or discussion of the other specifications of error advanced by the department become unnecessary in view of the foregoing conclusion.
For the reasons above discussed the judgment appealed from is reversed and it is ordered that Travis O. Bundrick surrender his driver’s license to the Department of Public Safety and that his appeal from the order of the department revoking his license be dismissed.
All costs, including this appeal, are assessed to Bundrick.