346 So.2d 849 (1977)
JERRY JOSEPH FONTENOT, IND., et al.
v.
STATE of Louisiana THROUGH the DEPARTMENT OF HIGHWAYS et al.
No. 11306.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
*850 Alton T. Moran, Baton Rouge, for plaintiff Jerry Joseph Fontenot, appellant.
John A. Gutierrez, Gonzales, for plaintiff Robert McConnell.
William G. Whatley, Baton Rouge, for defendant State of Louisiana through the Dept. of Highways, appellee.
Gordon Crawford, Asst. Parish Dist. Atty., Parish of Ascension, Gonzales, for defendant Ascension Parish Police Jury, appellant.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This suit, consolidated in both trial and appeal with McConnell v. United State Fidelity and Guaranty Company, et al., is one for damages from an automobile accident.
Jerry Joseph Fontenot for himself and his three minor children sued the Department of Highways, The Ascension Parish Police Jury, Martin McConnell, the latter's father, Robert McConnell, and Government Employees *851 Insurance Company, McConnell's insurer, for the death of his wife. The Ascension Parish Police Jury appealed from a judgment against it; plaintiff answered the appeal asking that the Department of Highways be held solidarily liable with the Police Jury.
The following are allegations of manifest error:
1. holding the Ascension Parish Police Jury liable for plaintiff's damages;
2. failing to find Mrs. Fontenot contributorily negligent;
3. failing to hold the Department of Highways liable for plaintiff's damages;
4. awarding Fontenot $75,000.00 for loss of business income.
We amend and affirm.
Mrs. Mary Claire Fontenot was driving on Rouyea Road, a highway maintained by the Ascension Parish Police Jury. Martin McConnell, son of Robert McConnell, was driving on La. 621, a highway maintained by the Louisiana State Department of Highways. The Rouyea Road was a secondary road, but the stop sign facing Mrs. Fontenot had been down for a period of three to six weeks. When she did not stop and yield to the through traffic on the state route, there occurred a collision, resulting in Mrs. Fontenot's death, Martin McConnell's injuries and property damage to both vehicles.
The court found the Police Jury negligent in not maintaining the stop sign and awarded Mr. Fortenot $115,000.00 individually and $25,000.00 for each child. The only defendant found liable was the Ascension Parish Police Jury.

LIABILITY OF THE DEPARTMENT OF HIGHWAYS
Appellant argues that because the Department of Highways had the responsibility of maintaining the fallen stop sign the latter should be found liable instead of itself.
LSA-R.S. 32:235 makes the parish authority responsible for placing and maintaining traffic control devices upon highways under its jurisdiction. Admittedly, Rouyea Road was under the jurisdiction of the police jury.
The appellant further argues that since the Department's responsibility for the state highway included the duty to place and maintain the signs governing access to that highway, the Department is liable. It points to no statutes or cases to that effect and we construe LSA-R.S. 32:235 to be the legislative fiat to the contrary.
The Ascension Parish Police Jury alternatively contends that the Department had a concurrent duty to place and maintain the stop signs at the intersection of parish roads and state highways and therefore the Department should be held solidarily liable along with it for the award. Our finding that the legislature has placed this duty on the local governing authority disposes of this contention.
It is further argued that the Highway Department should be liable because there is no proof in the record that a Traffic Control Devices Manual, as required by LSA-R.S. 32:235(A)[1], was provided for the police jury. As noted in Wall v. American Employers Insurance Company, 215 So.2d 913 (La.App., 1st Cir. 1968), writ refused 253 La. 325, 217 So.2d 415 (1969), the statute charges the Highway Department with adopting a manual only, not distributing it.

LIABILITY OF POLICE JURY
There is a high degree of care imposed upon those responsible for maintaining traffic control devices. Bernard v. *852 Campbell, 303 So.2d 884 (La.App. 1st Cir. 1974). A public body is responsible for damages caused a motorist if the public body had either actual or constructive notice of the defect which caused the accident, and failed to remedy the situation within a reasonable time. Netterville v. Parish of East Baton Rouge, 314 So.2d 397 (La.App. 1st Cir. 1975) writ refused La., 318 So.2d 58.
The evidence is clear that the sign at this intersection had been down at least three weeks, and possibly much longer. This was enough time for the police jury to discover and remedy the situation. Under the holding of the Netterville case, supra, we believe the Ascension Parish Police Jury was guilty of negligence which resulted in injuries to the plaintiffs.

CONTRIBUTORY NEGLIGENCE
The Police Jury has argued that even if we do find it guilty of negligence, plaintiffs should be barred from recovery by the contributory negligence of both the drivers.
The evidence shows that Mrs. Fontenot was unfamiliar with the intersection. She had no reason to believe she was not the favored vehicle in the absence of any warning to the contrary. McConnell was familiar with the intersection, and knew his vehicle was on the favored street. There was no evidence introduced to show he had any knowledge that the stop sign was down. Both vehicles were travelling at a reasonable rate of speed, and there is nothing to indicate that either one could have avoided the accident. We find no error.

QUANTUM
The only issue as to quantum is the $75,000.00 awarded to Mr. Fontenot for "Loss of Material Assistance." The general rule is that lost earnings need not be proved with mathematical certainty but only by a preponderance of the evidence. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971). Jackson v. St. Pierre, 336 So.2d 261 (La.App. 1st Cir. 1976).
The testimony of Mr. Fontenot, although somewhat uncertain and speculative, as to the amount, is, we believe, sufficient to establish some loss of income. Given the breadth of discretion awarded trial courts, we do not believe the trial judge committed manifest error. See Coco v. Winston Industries, Inc., La., 341 So.2d 332 (1976).
Defendant contends that Fontenot should be restricted to an award of $50,000.00 for this loss, the amount prayed for in his petition. Plaintiff argues that a judgment may be awarded in excess of the amount prayed for when evidence of the greater amount is introduced without objection. LSA-C.C.P. Art. 1154; Landry v. Hebert, 250 So.2d 819 (La.App. 1st Cir. 1971); Cheatham v. Lee, 277 So.2d 513 (La.App. 1st Cir. 1973) writ denied La., 279 So.2d 696.
In Sterkx v. Gravity Drainage District No. 1 of Rapides Parish, 214 So.2d 552 (La. App. 3rd Cir. 1968) writ refused 252 La. 964, 215 So.2d 130, the court said:
". . . judgment may be awarded in excess of the amount prayed for, when (1) evidence otherwise inadmissible is admitted without objection, (2) such evidence establishes that the party is entitled to this larger award, and (3) the circumstances are such that it may reasonably be implied that the parties consented to the enlargement of the pleading to include the increased demand."
The present case does not fall within the above rule of law. Fontenot pleaded $50,000.00 in loss of business income and the evidence introduced did not go beyond these pleadings. It can not be said that the defendants consented to the increased award, since any objection to the evidence admitted would have been without merit.
The judgment of the trial court is therefore amended to reduce the award to plaintiff Jerry Joseph Fontenot for "Loss of Material Assistance" from $75,000.00 to $50,000.00. In all other respects the judgment is affirmed. Defendant is cast with all costs for which it is responsible.
AMENDED AND AFFIRMED.
NOTES
[1] LSA-R.S. 32:235. Uniform highway marking system

"A. The department shall adopt a manual and specifications for a uniform system of traffic control devices consistent with the provisions of this Chapter for use upon highways within this state. Such uniform system shall correlate with and so far as possible conform to the system then current as approved by the American Association of State Highway Officials."