377 So.2d 369 (1979)
James L. WALL et al., Plaintiffs-Appellants,
v.
AMERICAN EMPLOYERS INSURANCE COMPANY et al., Defendants-Appellees.
Jeff L. BUTLER et al., Plaintiffs-Appellants,
v.
AMERICAN EMPLOYERS INSURANCE COMPANY et al., Defendants-Appellees.
Nos. 13925, 13926.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1979.
Rehearings Denied November 6, 1979.
Writ Granted January 11, 1980.
*371 Shaw & Shaw by James Hatch and Jenifer Ward Clason, Homer, for plaintiffs-appellants.
Doran & Kivett by William J. Doran, Jr., Baton Rouge, for Claiborne Parish Police Jury, defendant-appellee.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearings Denied November 6, 1979.
MARVIN, Judge.
In this protracted litigation for damages for wrongful death and for personal injury to guest passengers arising out of a 1966 two-car intersectional collision, plaintiffs in consolidated cases appeal from a 1978 judgment which rejected their respective demands against the Police Jury which was the only defendant remaining in the cases at the time of trial.
The lower court found that the sole proximate cause of the collision was the combined negligence of the drivers of the vehicles and that the negligence, if any, of the Police Jury in failing to maintain a properly marked or "signed" and unobstructed intersection was not a proximate cause. We reverse and render judgment for the respective plaintiffs.
The collision occurred at the intersection of two rural blacktop roads maintained by the Police Jury as a part of its parish road system. The north-south road on which 17-year-old Brenda Prothro was driving northerly is called the Harris-Beck Road. The east-west road on which Mrs. Eunice Vize was proceeding easterly is called the Old Minden-Arcadia Road.
Several stop signs which once had been maintained facing north-south traffic on the Harris-Beck Road were knocked down or removed by persons unknown at least a month before the accident. Grass and weeds had grown on the road shoulders at the intersection to the extent that drivers' view of the intersection a safe distance away was obstructed. One stop sign remained at the intersection but it faced southbound traffic on the Harris-Beck Road (Brenda Prothro was northbound) and was located not on the right shoulder of that road, but on the left shoulder.[1] The hazardous *372 nature of the generally uncontrolled, unmarked, and obstructed intersection was compounded by a hill which also obstructed the vision of a northbound driver and by a curve which obstructed the view of the eastbound driver. The posted speed limit on each road was 60 MPH. Each automobile was traveling about 50-55 MPH. No signs, however, were posted to warn traffic that an intersection was ahead.
An agency maintaining a public rural road system has a duty to maintain the roads and traffic signs or controls in a reasonably safe condition and to warn motorists of unusually perilous conditions such as an improperly marked intersection. Wall v. American Employers Insurance Company, 215 So.2d 913 (La.App. 1st Cir. 1968), writ refused. See also Vervik v. State, Department of Highways, 302 So.2d 895 (La.1974); Andrus v. Police Jury of Parish of Lafayette, 303 So.2d 824 (La.App. 3d Cir. 1975); Hodges v. State, through Dept. of Highways, 370 So.2d 1274 (La.App. 3d Cir. 1979); Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975); Rue v. State, Dept. of Highways, 372 So.2d 1197 (La.1979). This duty is a high degree of care. Willis v. Everett, 359 So.2d 1080 (La.App. 3d Cir. 1978); Jerry Joseph Fontenot, Ind. v. State, etc., 346 So.2d 849 (La.App. 1st Cir. 1977).
The breach of the duty to warn of an unmarked rural intersection may constitute legal fault (Hodges, supra), but it must be shown that the public agency had knowledge, actual or constructive, of the danger and that it failed to correct the danger or warn motorists of the danger. Harrison v. State of La., Dept. of Highways, 375 So.2d 169 (La.App. 2d Cir. 1979). Constructive notice was found when it was shown that a traffic sign was down or missing for two weeks (Willis, supra) or three weeks (Fontenot, supra) or one month (Vervik, supra). See also Jones v. Louisiana Dept. of Highways, 338 So.2d 338 (La.App. 3d Cir. 1976). Either the defendant Police Jury knew that the stop sign or signs were down or missing (actual notice, as the trial court found) or it should have known (at least constructive notice, as we find) for more that a month before this accident occurred. The defendant took no action to correct the situation or to warn traffic of the danger.
This breach of duty may constitute legal fault notwithstanding the intervening or later negligence of one or both drivers. See Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (La.1962); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (La.1972). All of the facts of the accident must be examined to make this determination.
Recent cases have admonished that the analysis of the issue of legal fault is not to be rule oriented. Instead, each case is to be approached within a fabric of principle and doctrine on its own facts. The suggested analysis is to be made in terms of the particular duty alleged to have been breached and in terms of the particular risk which the duty was imposed to protect against. See Robertson, 34 La.L.R. 1, Dialogues on Hill v. Lundin (1973). In a broad sense, this duty-risk analysis requires answer of the questions:
Was the conduct complained of a cause in fact of the harm sustained by plaintiff?
Was the defendant under a legal duty to protect this particular plaintiff against the particular risk involved?
Taking into account the dangers created by the defendant's conduct, giving due but not automatically decisive weight to any violation of a relevant statute, was the defendant's conduct negligent, substandard, blameworthy? See authorities cited by Robertson, supra, 34 La.L.R.
This analysis clearly establishes legal fault on the Police Jury even when proximate cause language is engrafted onto the duty-risk analysis. The injured plaintiffs (guest passengers in automobiles) and the harm they encountered are persons and harms which the imposed duty was designed to protect against, even though others may have contributed to the harm. Negligent conduct is a cause in fact if it is a substantial factor in bringing about harm *373 to another and it is then a proximate cause of the harm even though the negligence of others may have contributed to the harm. Hall v. State, Department of Highways, 213 So.2d 169 (La.App. 3d Cir. 1968). It is most easy to associate the Police Jury's breach of duty with the harm sustained by these plaintiffs. Hill v. Lundin, supra.
There are situations where the public agency's breach of duty to maintain or post traffic signs was not held to be the cause in fact of the intersectional collision between two cars. See, e. g., Carmouche v. State, through Dept., etc., 360 So.2d 1374 (La.App. 3d Cir. 1978); Pepitone v. State Farm Mut. Auto. Ins. Co., 369 So.2d 267 (La.App. 4th Cir. 1969), writ refused. These involve situations where both drivers were very familiar with the intersection and which street was the favored street or where the two drivers were both aware of a local neighborhood intersection and the circumstances were such that neither could reasonably believe he had an unqualified right of way. Here, Mrs. Vize (eastbound) knew of the intersection and knew that stop signs faced northbound traffic. She did state that after the accident she was told by relatives that the stop sign was down or missing, but there is no evidence that she knew or should have known the stop signs were not there at the time of the accident. She and Miss Prothro were traveling within the speed limit. Miss Prothro was shown only to have been a passenger in an automobile which traversed the intersection before the accident. It was not proved that she knew or should have known of the hazardous unmarked condition of the intersection. Dabov v. Allstate Insurance Company, 302 So.2d 697 (La.App. 3d Cir. 1974), writs refused; Willis, supra. These were rural roads. The posted speed limit was 60 MPH. The Police Jury is not relieved of its breach of duty in these circumstances. Hodges, supra.
The original defendants in these suits included the State Department of Highways and the drivers of the two automobiles as well as several liability insurers. Plaintiffs alleged that the accident was proximately caused by the joint and concurring negligence of these defendants, including the negligence of:
"(a) EUNICE S. VIZE:

"1. Entering a poorly marked, particularly blind intersection without ascertaining that same could be traversed with reasonable safety;
"2. Failing to observe the Prothro vehicle when it was first visible;
"3. Failing to yield the right of way to a fast traveling vehicle approaching from her right;
"4. Failing to keep a proper lookout for traffic approaching the intersection; and
"5. Failing to keep her vehicle under proper speed or control as she approached and entered the intersection under the circumstances when prevailing."
and of:
"(b) BRENDA GAIL PROTHRO:

"1. Entering a poorly marked, substantially blind intersection without ascertaining that same could be traversed with reasonable safety;
"2. Failing to observe the Vize vehicle when it was first visible;
"3. Failing to yield the right of way to a vehicle approaching from her left when she was supposed to stop for traffic traveling on the `Old Minden-Arcadia Road';
"4. Traveling at an extremely excessive rate of speed at the time and under the circumstances then prevailing;
"5. Failing to keep a proper lookout; and
"6. Failing to keep her vehicle under proper control."
Allegations (c) and (d) alleged negligence on the Department of Highways and the Police Jury. Allegations (a) and (b) were admitted by the Police Jury.
Plaintiffs settled with the drivers and their insurers, reserving their rights against the Police Jury in a restricted release before this case was tried.
*374 Plaintiffs contend, however, that they should not be bound by their allegations of joint and concurrent negligence on the part of the drivers but that the Police Jury must show that one or both drivers were negligent before the Police Jury is entitled to claim benefit of contribution. Plaintiffs cite Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3d Cir. 1964); Hall v. State, Department of Highways, supra; and Hall v. Hartford Accident & Indemnity Co., 278 So.2d 795 (La.App. 4th Cir. 1973), writ refused.
The Police Jury, on the other hand, contends that plaintiffs, having alleged joint and concurrent negligence (and we note, having prayed for judgment jointly and in solido) against all defendants, are bound by their pleadings. Defendant cites State, Dept. of Pub. Safety, Driv. Lic. Div. v. Bundrick, 311 So.2d 34 (La.App. 2d Cir. 1975); Johnson v. New Orleans Disposal Service, 289 So.2d 825 (La.App. 4th Cir. 1974); and Danks v. Maher, 177 So.2d 412 (La.App. 4th Cir. 1965). In Danks, the plaintiff alleged joint and concurrent negligence on the part of the hospital and a doctor and prayed for judgment for damages, in solido. During the trial plaintiff settled with the doctor but reserved her rights against the hospital in a restricted release and the doctor was dismissed from the case before a jury reached a verdict. Verdict was against the hospital and its insurer. The "present question" as it was there called was whether the hospital could claim one-half reduction of the judgment against it because it had been denied the right to claim contribution from the doctor. The court said:
"Ordinarily ... the burden of proof would be upon the hospital and its insurer for they are the parties who make that assertion. See Harvey v. Travelers Insurance Co. ... Until [the settlement agreement] ... the burden was upon the plaintiff and appellants had no forewarning at all that they would be forced to carry such a burden. Under these circumstances it would be manifestly unfair to hold that the burden... rests upon the appellants. However we believe it is unnecessary for us to make any determination relative to that burden.
"... We are of the opinion that plaintiff is bound by her pleadings. [Citation omitted] Accordingly, insofar as the present question is concerned, we hold that the doctor and the hospital are joint tortfeasors." 177 So.2d at p. 421.
In Hall v. Hartford, supra, before another panel of the 4th Circuit, the details of plaintiff's pleadings were not shown. Two defendants were sued. Plaintiff settled with one defendant after the case had been tried and submitted to a jury, but before jury verdict. The verdict was against one defendant and in favor of the defendant who settled, dismissing that defendant. The court said the reduction of the judgment because of the contribution factor "... does not apply to all situations in which multiple defendants are alleged to be liable, but applies to cases in which one defendant would actually be liable for the damages except for the compromise." 278 So.2d at p. 799. It does not appear whether Hall alleged only joint negligence, several, or joint and several negligence or what his prayer was. In any event, Danks was not discussed or distinguished.
In Harvey, cited supra, upon which Hall relied, the defendant driver of the first vehicle in a three vehicle accident filed a third party action against the other drivers, two and three. The plaintiff had sued only two of the drivers. After the driver of vehicle one and its insurer settled with the guest passenger-plaintiff before trial, the driver of vehicle two brought a third party demand against the driver of vehicle one, raising the issue of contribution and the effect of the settlement. A motion for summary judgment on behalf of driver one was sustained and the summary judgment which was appealed, dismissed driver one from the third party demand of driver two. The judgment was affirmed, with the court making, among others, this comment:
"If it should be determined on a trial that the driver of the [first] car was not negligent, and thus that he was not a joint *375 tortfeasor, then the settlement entered into ... would not have the effect against any others who may be determined to be tortfeasors. Roux v. Brickett, 149 So.2d 456 (La.App. 3d Cir. 1963)." 163 So.2d at p. 922.
Hall, Harvey, and Roux, cited in Harvey, appear to be factually distinguishable from the circumstances here. Danks is also factually distinguishable from those cases in our opinion, but if not, we consider it the better authority because it squarely considered the pleading issue. We follow Danks and hold that where a plaintiff alleges that two or more defendants jointly and concurrently are negligent and prays that judgment be for damages in solido, these allegations are binding upon the plaintiff and plaintiff cannot assert that one defendant with whom he later settles was not a joint tortfeasor for the purposes of defeating the claim of another defendant, who is cast in judgment, of that defendant's rights to claim a proportionate reduction in the judgment because of the settlement-contribution factor.
Accordingly, we will render judgment for plaintiffs in each case with legal interest from judicial demand,[2] subject to each judgment being reduced by two-thirds of the amount due in principal and interest, and will cast defendant for all costs.
Defendant contends that if damages are awarded here, the awards should be based on what might have been awarded by the trial court in the 1966 era. We cannot agree. We are not referred to any authority for this contention and we have found none. The already difficult attempt to measure in money, damages arising out of injury or death to a person should not be further complicated by a court being required to determine or speculate how and in what amount those damages would have been assessed some time in the past. In the assessment of general damages at this level, we are not obliged to make an award equal to either the highest or the lowest dollar amount we would affirm as in ordinary appeals. Here we enjoy the discretion to make an award which is neither high nor low, but which is just and fair as adequate for the damages as revealed by the record.
There were six plaintiff-passengers in the Vize automobile. They were Mrs. Jeff L. (Blanche) Butler, her three minor children and her minor niece and nephew. Only the nephew has not since reached majority. The passenger in Miss Prothro's vehicle was 17-year-old Dianne Wall, the daughter of James L. and Betty Wall. The collision was violent. Both Miss Prothro and Miss Wall were fatally injured and the occupants of the Vize vehicle sustained injuries of varying degrees.

NO. 13,925 PLAINTIFFS
MRS. BLANCHE BUTLER suffered fractures of approximately six ribs, a fracture of the C-2 cervical vertebrae, fractures of her right pelvis and of her left ankle. She also sustained some emphysema, a pneumothorax (punctured lung) and was in severe shock. The ankle fractures requires a surgical fixation. She was essentially unconscious for about 10 days, was hospitalized more than a month, and was confined to bed at home for several weeks before she could use a wheel chair. She traveled in an ambulance for periodical visits from Minden to her Shreveport physicians for several weeks and was on crutches for several weeks before becoming ambulatory approximately six months after the accident. She has seen her orthopedist approximately eight times since he released her from continued treatment. She sees her Minden physician more frequently. Mrs. Butler has a permanent residual disability of 15 percent of her ankle and still suffers occasional discomfort, headaches and dizziness which she attributes to the accident. Her medical and related expenses totaled $5,454.76. We consider $37,000 as adequate to compensate for Mrs. Butler's damages.
*376 JEFFREY LANE BUTLER, then 2½ years old, was riding in the front seat between Mrs. Vize and his mother. He sustained a concussion, several lacerations of his scalp requiring 32 stitches, contusions and abrasions to his body. He was hospitalized three days and was released by his doctor from further care about seven weeks after the accident. We consider $3,000 to be adequate compensation for this young man.
MARTHA ANN BUTLER MOORE, then 13 years old, was riding in the back seat of the car and sustained lacerations and puncture wounds to her chin and neck, a sprain of her right shoulder and multiple contusions and abrasions. She was hospitalized three days and required surgical removal of a piece of glass from her chin about seven weeks after the accident. This surgery required five sutures which were in addition to 15 sutures required to close her wounds upon admission to the hospital. She yet complains of some stiffness and discomfort in her shoulder. An adequate award for this young lady is $3,000.
KAREN BUTLER SHELL was riding in the back seat with her younger brother Jeffery. She was 10 years old at the time. She regained consciousness shortly after the impact and remembers being terrified at the sight of the lacerated head of her younger brother and at his eyes "rolling back in his head". Her body was contused and abraded. She was in shock and had lacerations of the scalp which required sutures. She was treated in the emergency room and released. Karen still complains of headaches which she and her doctor relate to the accident. We award $2,200.
Mrs. Butler's nephew, DONALD RAY MOSLEY, then 13, was hospitalized one day but sustained somewhat severe and some permanent injury. He was riding on the back seat of the car. His chin, head and lip were lacerated. Sutures were required. His bottom teeth went through his lower lip and left a permanent scar. His right hip and back and his left knee were bruised. One tooth was fractured and his lower back was sprained. The bruise to his left knee was discomforting enough to keep him from engaging in sports in high school. Donald's dentist was of the opinion that the accident in 1966 caused or contributed to the necessity of removing some of Donald's teeth in 1977 and fitting him with false teeth. We consider $3,700 as adequate damages.
Also in the back seat was Donald's 9-year-old sister, TERRI ELAINE MOSLEY ROWELL. She was momentarily unconscious, and sustained a seven-inch laceration of her scalp, requiring sutures, a concussion, contusions of her left leg, and a sprain of her left hip and leg. The scar on her scalp extends to her left temple and is visible. She was hospitalized one day and saw her doctors for about three months after the accident. She claims some continuing pain in her left leg. We award $3,000.
JEFF L. BUTLER, husband of Blanche Butler and father of Karen, Jeffrey and Martha Ann, was shown to have sustained these amounts in medical or related expenses for his wife and children:
 Mrs. Butler $5,454.76
 Karen 53.00
 Jeffrey 337.71
 Martha Ann 114.20
Karen Mosley's medical expenses totaled $250 and Donald Mosley's medical and dental expenses totaled $945.

NO. 13,926 PLAINTIFFS
The decedent DIANNE WALL was shown to have been a young high school graduate of exemplary character in every respect, a model, straight-A high school student, IQ 132, popular, talented, and devoted to her church and to her mother and father, who was a minister, and to her brother and sisters. She was attending Louisiana Tech at the time of her death and held part time jobs in a beauty shop and as a church pianist. Her father left the full time ministry after her death and now is engaged in teaching school and in the part time ministry in Texas, where the Wall family moved after their loss, which may be adequately summarized as deep-felt and tragic. To *377 each of her parents for deprivation of the companionship and affection of their daughter and for the grief, anguish and distress, we award $40,000. Mr. Wall is also entitled to funeral expenses which were shown to have been $1,275.

RECAPITULATION
Accordingly, judgment below in each case is hereby reversed and it is hereby ordered in each case that there be judgment against defendant, Claiborne Parish Police Jury, with legal interest from the date of judicial demand in each case, and with all costs being assessed to defendant, subject to the amounts awarded and which are due, in principal and interest to each plaintiff being reduced by two-thirds at the time said judgments are satisfied or paid, as follows:

CASE NO. 13,925:
 In favor of plaintiff, Mrs. Blanche
 Butler $37,000.00
 In favor of plaintiff, Jeff L. Butler,
 as head and master of the community
 and as administrator of the
 estates of his former minor children
 for these sums, respectively as follows:
 Expenses relating to Mrs. Butler $ 5,454.76
 Karen 53.00
 Jeffrey Lane 337.71
 Martha Ann 114.20
 __________
 TOTAL: $ 5,959.67
 Personal injury damages to the minor,
 Jeffrey Lane Butler $ 3,000.00
 In favor of plaintiff, Martha Ann
 Butler Moore $ 3,000.00
 In favor of plaintiff, Karen Butler
 Shell $ 2,200.00
 In favor of plaintiff, Donald Ray
 Mosley (including medical expenses) $ 4,750.00
 In favor of plaintiff, Terri Elaine
 Mosley Rowell (including medical expenses) $ 3,250.00
CASE NO. 13,926:
 In favor of James L. Wall (including
 expenses) $41,275.00
 In favor of Mrs. Betty Wall $40,000.00

CONCLUSION
Judgments are REVERSED and, as above respectively stated, are RENDERED.
NOTES
[1] LRS 32:235(B) and the Uniform Traffic Device Control Manual of the State Department of Highways required that a parish posting only one stop sign at an intersection shall place it on the right hand side of the traffic lane to which it applies.
[2] Legal interest here is five percent. Becnel v. Ward, 286 So.2d 731 (La.App. 4th Cir. 1974), writ refused.